DRYDEN v COULON

Docket No. 78022. Submitted June 6, 1985, at Detroit.—Decided July 18, 1985.

Plaintiff, Deborah M. Dryden, by her next friend, Robert Dryden, brought an action in the St. Clair Circuit Court against defendant, Robert I. Coulon, the Macomb County Friend of the Court, alleging physical and emotional injuries as a result of defendant's failure to investigate plaintiff's home during contested custody proceedings between her parents as required by law. The action was transferred to the Macomb Circuit Court, which granted summary judgment on the grounds of governmental immunity and failure to exhaust administrative remedies. Plaintiff appealed. *Held:*

When a statute creates a new right or imposes a new duty having no counterpart in the common law, the remedies provided in the statute for its violation are exclusive. The remedies provided for in the Friend of the Court Act are exclusive, since there was no common-law remedy for the inaction complained of by plaintiff.

Affirmed.

DIVORCE — FRIEND OF THE COURT ACT — TORTS — REMEDIES.

The remedies provided for by the Friend of the Court Act are the exclusive remedies for failure to perform the investigative and reporting duties imposed on the friend of the court by the act (MCL 552.501 *et seq.;* MSA 25.176[1] *et seq.).*

*Charles E. Riddle,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec),* for defendant.

Before: J. H. GILLIS, P.J., and BRONSON and M. J. KELLY, JJ.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Amicus Curiae §§ 1 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Parties.

PER CURIAM. Acting in pro per, plaintiff's father, as her next friend, filed a complaint in the St. Clair County Circuit Court on November 9, 1983, alleging that the Macomb County Friend of the Court, Robert I. Coulon, had abdicated his statutory responsibility to investigate plaintiff's home life during contested custody proceedings between her parents, and that this resulted in permanent mental, physical and emotional injuries to plaintiff. Venue was changed to Macomb County after plaintiff obtained counsel.

Defendant moved for summary judgment on March 16, 1984. In an order dated April 26, 1984, the motion was granted, apparently under GCR 1963, 117.2(1), on the grounds that the claim was barred by judicial or quasi-judicial immunity and by plaintiff's failure to exhaust her administrative remedies. We affirm the order granting summary judgment, but for a different reason.

In the complaint filed in this cause, plaintiff asserted that the defendant friend of the court violated certain duties imposed by MCL 552.252; MSA 25.172 and MCL 552.253; MSA 25.173, which were in effect at the time of the 1976 custody battle, but have since been repealed by 1982 PA 294, § 33, which became effective July 1, 1983. Section 252 provided that "[i]t shall be the duty of the 'Friend of the Court'" to ascertain whether dependent minor children subject to the court's jurisdiction "are receiving the proper care, maintenance and education and whether they are liable to become a public charge". Section 253 placed upon the friend of the court the duty to ascertain and report to the circuit court the moral and general conditions surrounding the dependent minor children. Plaintiff also cited a violation of GCR 1963, 721.1, which imposed the duty to investigate the financial ability, occupation and earning capac-

ity of the parties and the care given to and living conditions of the minor children and file a report of said investigation containing recommendations on custody and visitation rights. The complaint alleged that the above-cited statutes and court rule were violated in that the defendant:

"A. Never investigated home conditions;
"B. Never investigated proper care;
"C. Never investigated home where child may be staying;
"D. Never investigated the moral conditions existing in the home;
"E. Never investigated childs environment."

As a result of the alleged failure of the defendant to perform his duties, plaintiff alleged resulting "mental, physical and emotional damages" and prayed for judgment in the amount of $13,000,000.

As stated above, the trial court based its grant of defendant's motion for summary judgment upon an application of the exhaustion of administrative remedies and governmental immunity doctrines. We need not reach the issues raised by its reliance upon these doctrines since we find the motion for summary judgment was properly granted for a more fundamental reason; namely, that the remedy sought by plaintiff was not available for any violation of the statutes and court rule relied upon to form the basis of her lawsuit.

Pursuant to MCL 552.526; MSA 25.176(26), an administrative remedy is provided for grievances by the public against the friend of the court office or its employees. The statute provides:

"(1) A party to a domestic relations matter who has a

grievance concerning office operations or employees shall utilize the following grievance procedure:

"(a) File the grievance, in writing, with the appropriate friend of the court office. The office shall cause the grievance to be investigated and decided as soon as practicable.

"(b) A party who is not satisfied with the decision of the office under subdivision (a), may file a further grievance, in writing, with the chief judge. The chief judge shall cause the grievance to be investigated and decided as soon as practicable.

"(2) Each office shall maintain a record of grievances received and a record of whether the grievance is decided or outstanding. The record shall be transmitted not less than biannually to the bureau. Each office shall provide public access to the report of grievances prepared by the bureau under section 19."

It is a well-settled rule of law in Michigan that, when a statute creates a new right or imposes a new duty having no counterpart in the common law, the remedies provided in the statute for its violation are exclusive and not cumulative. *Ohlsen v DST Industries, Inc,* 111 Mich App 580, 583; 314 NW2d 699 (1981); *Burland, Reiss, Murphy & Mosher, Inc v Schmidt,* 78 Mich App 670, 675; 261 NW2d 540 (1977). Obviously, common law did not provide a remedy for the inaction of which plaintiff claims defendant was guilty. Therefore, the administrative remedies outlined in MCL 552.526; MSA 25.176(26) are the plaintiff's sole recourse; a judgment for monetary damages was not contemplated by the Legislature for the failure to perform the investigative and reporting duties imposed by the Friend of the Court Act. Summary judgment pursuant to GCR 1963, 117.2(1) for failure to state a claim upon which relief could be granted was therefore proper.

Affirmed.