MARSHALL v BEAL

Docket No. 86873. Submitted November 6, 1985, at Grand Rapids. Decided April 1, 1986.

Plaintiffs, Grady Marshall and Rita A. Marshall, brought an action in the Cass Circuit Court seeking permanent custody of Kristy N. Wares, a minor. The defendants, Rex Beal and Juanita Wares, are the child's unmarried parents. Rita Marshall is Rex Beal's first cousin. Plaintiffs alleged that defendants had abandoned the child to their care several days after her birth and that the child remained in their custody and care for most of her life. Defendants denied the plaintiffs' allegations. Defendants thereafter obtained a writ of habeas corpus in St. Joseph County Superior Court in Indiana but that court stayed execution of the writ pending the outcome of the custody dispute in Michigan. The circuit court, Michael E. Dodge, J., then granted temporary custody to the plaintiffs. The circuit court thereafter determined that it was not authorized to hear plaintiffs' action, dismissed the complaint and declined to enter any further orders regarding a stay pending appeal. Plaintiffs appeal from the order dismissing their complaint. The issue presented on appeal is whether the circuit court has jurisdiction under the Child Custody Act to consider a nonparent's complaint for custody where jurisdiction over the minor is not otherwise obtained and where there has been no prior termination of or judicial intervention in parental rights.

The Court of Appeals *held:*

1. The circuit court correctly determined that it was not authorized to hear plaintiffs' action. A circuit court does not have jurisdiction under the Child Custody Act to consider a nonparent's complaint for custody where jurisdiction over the minor is not otherwise obtained and where there has been no

REFERENCES

Am Jur 2d, Amicus Curiae §§ 1 *et seq.*

Am Jur 2d, Infants §§ 28 *et seq.*

Am Jur 2d, New Trial § 1.

Am Jur 2d, Parent and Child § 42.

See the annotations in the Index to Annotations under Amicus Curiae; Custody and Support of Children; New Trial.

prior termination of or judicial intervention in parental rights. Third-party claims to custody may only be considered where the circuit court has otherwise obtained jurisdiction over the minor child.

2. A circuit court's use of the friend of the court referee should be limited to those fact-finding investigative functions mandated by statute. The determination of purely legal questions should be left to the circuit court judges.

3. The de novo hearing guaranteed by MCL 552.507(5); MSA 25.176(7)(5) requires the circuit court, on motion of any party dissatisfied with a recommendation of the friend of the court, to conduct a hearing as if no friend of the court hearing had been conducted previously and arrive at an independent conclusion.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY ACT — CIRCUIT COURTS — THIRD-PARTY CLAIMS.

A circuit court does not have jurisdiction under the Child Custody Act to consider a nonparent's complaint for custody where jurisdiction over the minor is not otherwise obtained and where there has been no prior termination of or judicial intervention in parental rights; third-party claims to custody may only be considered where the circuit court has otherwise obtained jurisdiction over the minor child (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.*).

2. COURTS — CIRCUIT COURTS — FRIEND OF THE COURT ACT — FRIEND OF THE COURT REFEREES.

The intent of the Legislature in enacting the Friend of the Court Act was to create an investigative and fact-finding arm of the circuit court in domestic relations matters; a friend of the court referee, therefore, should be limited to those fact-finding investigative functions provided in the act and purely legal questions should be left to the circuit court judges (MCL 552.501 *et seq.;* MSA 25.176[1] *et seq.*).

3. PARENT AND CHILD — FRIEND OF THE COURT ACT — DE NOVO HEARINGS.

The de novo hearing guaranteed under the Friend of the Court Act requires the circuit court, on motion of any party dissatisfied with a recommendation of the friend of the court, to conduct a hearing as if no friend of the court hearing had been conducted previously and arrive at an independent conclusion (MCL 552.507[5]; MSA 25.176[7][5]).

4. COURTS — CIRCUIT COURTS — TRIAL DE NOVO.

A circuit court is required to proceed as if no prior determination

had been made and arrive at an independent decision where a trial de novo is required.

*William L. LaBre,* for plaintiffs.

*Legal Aid Bureau of Southwestern Michigan, Inc.* (by *Janice E. McAlpine*), for defendants.

Before: R. M. MAHER, P.J., and M. J. KELLY and H. W. MOES,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order dismissing their complaint for permanent custody of minor Kristy Nicole Wares. We affirm.

Kristy Nicole Wares was born to defendants Juanita Wares and Rex Beal on October 30, 1982. Although the defendants are unmarried, paternity is not at issue as Beal filed an acknowledgment of paternity in March of 1983. Plaintiff Rita Marshall is Rex Beal's first cousin and Grady Marshall is Rita's husband.

Plaintiffs filed this complaint for custody in circuit court on January 31, 1985, alleging that defendants had abandoned Kristy to their care several days after her birth and that Kristy remained in their custody and care for most of her life. According to the allegations in the complaint, defendants visited her occasionally and took her home with them only when necessary for "welfare screening." Plaintiffs further alleged drunkenness, drug abuse and child abuse and neglect on the part of defendants.

Defendants filed an answer disputing the allegations in the complaint and claiming that Kristy has lived with them continuously since her birth and only visited with the plaintiffs, who resided in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Indiana throughout most of the time period relevant to these proceedings.[1] On February 6, 1985, defendants obtained a writ of habeas corpus in St. Joseph County Superior Court in Indiana but that court stayed execution of the writ pending the outcome of the custody dispute in Michigan. On February 11, 1985, the circuit court in Michigan granted temporary custody to plaintiffs.

The substantive question presented on appeal is whether the circuit court has jurisdiction under Michigan's Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* to consider a nonparent's complaint for custody where jurisdiction over the minor is not otherwise obtained and where there has been no prior termination of or judicial intervention in parental rights. Following entry of the temporary custody order in this case, the trial court sua sponte considered the question and concluded that it was not authorized to hear plaintiffs' action in light of the Supreme Court's construction of the Child Custody Act in *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984). Accordingly, the court dismissed the complaint and declined to enter any further orders regarding a stay pending appeal.

In *Ruppel v Lesner,* twelve-year-old Julie Lesner voluntarily left the home of her parents[2] following an argument with her mother and refused to return. State authorities temporarily placed her in a juvenile home. Julie Lesner's maternal grandparents then filed a petition for "change of cus-

---

[1] Plaintiffs now reside in Michigan.

[2] The child in question, Julie Lesner, was born on June 25, 1969. Her natural mother, defendant Pamela Lesner, was divorced from Julie's natural father, and then married defendant Rodney Lesner, who adopted Julie. Plaintiffs Richard Ruppel and Charlotte Ruppel are the parents of Pamela Lesner. [421 Mich 561.]

tody" in circuit court which was granted after an evidentiary hearing on the minor's best interests. This Court affirmed in *Ruppel v Lesner,* 127 Mich App 567, 571; 339 NW2d 49 (1983), holding "that third parties may institute an original child custody proceeding, without a prior showing of parental unfitness."

In its opinion reversing, however, the Supreme Court held as follows:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection. The Child Custody Act does not create substantive rights of entitlement to custody of a child. Rather, it creates presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court. While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child." [421 Mich 565-566.]

The trial court relied solely on this holding in *Ruppel v Lesner* in concluding that it was without the authority to consider plaintiffs' petition.

Plaintiffs argue that the above-cited holding in *Ruppel v Lesner* should be narrowly interpreted and the rule announced therein applied only

where the minor child is living with a natural or legal parent and is not the subject of any other circuit court action. Plaintiffs emphasize the language "where a child is living with its parents" as well as the Court's obvious reluctance to allow third parties "to create" custody disputes by simply filing circuit court complaints. Plaintiffs reason that because defendants in this case voluntarily gave them physical custody of Kristy for most of her life, plaintiffs did not create a custody dispute when they filed their complaint but merely sought judicial resolution of a custody dispute in which they were already embroiled.

Defendants, on the other hand, besides disputing the merits of plaintiffs' claims and the fact of plaintiffs' physical custody, argue that plaintiffs have no right of action under the Child Custody Act to assert their custody claim and that the circuit court has no jurisdiction to consider plaintiffs' claim to defendants' minor child. As summed up by the defendants in their brief on appeal:

> Without doing semantic violence to the plain wording of the Child Custody Act of 1970, the act can only be read in one of two ways. Either it gives third parties the right to file original child custody actions in circuit court and gives the court jurisdiction to hear those actions. Or it does not and simply sets out the presumptions, standards and procedures, and types of relief the circuit court is to apply to cases already within its existing jurisdiction.
>
> \* \* \*
>
> What the Supreme Court has done in *Ruppel* is to tell the circuit courts that they must look outside the Child Custody Act for jurisdiction to hear child custody cases. The Court has also pointed out that the act cannot be used to grant third-parties the right to file original child custody actions in circuit court.

We are persuaded that the correct interpretation of the Supreme Court's mandate in *Ruppel v Lesner* is the one advanced by the defendants and adopted by the circuit court. A significant factor in our decision is Justice Levin's separate opinion in *Ruppel v Lesner,* in which he anticipates and describes almost precisely the type of situation presented here and points out the inadequacies of the majority per curiam opinion in this context:

> Parents, without abandoning or neglecting their child, might entrust the child to grandparents, other relatives, or friends when the child is an infant. The child is raised in the household of the persons to whom the child was entrusted and psychologically becomes a member of a "new" family. The original parents are not unfit; they maintain a relationship with the child through visits, telephone calls, excursions, gifts, and financial support. But, nevertheless, the child is bonded to the grandparents, other relatives, or friends in whose household the child has been raised since infancy.
>
> At some arbitrary time, the biological parents decide that they want the child back. To say that it is beyond the authority of the circuit court to consider, having in mind the statutory presumption favoring the biological parents, whether the child should be uprooted from the only home the child knows, from "brothers" or "sisters" in that home, and moved to a new home is, I think, contrary to the legislative purpose and an abdication of judicial responsibility. [421 Mich 568-569.]

We believe that if the majority of justices in *Ruppel v Lesner* had not intended the result reached in the instant case, their per curiam opinion would have addressed the fears expressed by Justice Levin. We are bound to follow the

majority opinion in *Ruppel v Lesner* and affirm the dismissal of this action.[3]

Plaintiffs argue that the Supreme Court's construction of the Child Custody Act renders it violative of the equal protection rights of children born out of wedlock. Contrary to plaintiffs' assertions, however, the Supreme Court did not hold that third-party claims to custody may only be filed where the parents of the minor child are married and have instituted divorce or separation proceedings in circuit court. Rather, the Supreme Court's construction is that third-party claims to custody may only be considered where the circuit court has otherwise obtained jurisdiction over the minor child. The Court simply pointed out that divorce proceedings will be the typical situation in which a third-party claim to custody will arise.

While we believe that the circuit court properly interpreted the Supreme Court's holding in *Ruppel v Lesner* and dismissed plaintiffs' complaint, we are troubled by some procedural aspects of this case which require comment. Following entry of the temporary custody order in February of 1985, a referee of the friend of the court, on the circuit court's own motion, conducted a hearing to consider the effect of the decision in *Ruppel v Lesner* on the instant case.[4] The friend of the court referee subsequently filed his report and recommendation on April 3, 1985, which the circuit court entered as an order on April 19, 1985, dismissing

---

[3] Potentially applicable statutes which might have been utilized in this situation include MCL 700.424; MSA 27.5424 (appointment of guardian), MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* (termination of parental rights for abuse or neglect), and MCL 722.621 *et seq.;* MSA 25.248(1) *et seq.* (Child Protection Law).

[4] It is not clear whether the motion for a hearing originated with the referee of the friend of the court or with the circuit court judge. We know only that the referee of the friend of the court set a hearing and the parties submitted briefs. We do not know whether oral arguments were conducted before the friend of the court.

the complaint and vacating its temporary order of custody. Plaintiffs filed a motion for de novo review, which the trial court granted, but it is unclear whether the review was conducted on briefs only or was accompanied by oral argument since there are no transcripts in the trial court record. The circuit court ultimately issued an opinion filed May 20, 1985, in which it reaffirmed its earlier position.

What troubles us in this case is the circuit court's use of the friend of the court referee to conduct a hearing and submit a recommendation on a purely legal question involving the interpretation of an opinion of the Supreme Court. The intent of the Legislature in enacting the Friend of the Court Act, MCL 552.501 *et seq.;* MSA 25.176(1) *et seq.,* was to create an investigative and fact-finding arm of the circuit court in domestic relations matters. For example, § 5 of the act enumerates certain preadjudication duties which must be performed by the friend of the court, all of which involve either the dissemination of information to the parties or the investigation and compilation of facts for use by the circuit court judge. Section 13 authorizes the office of the friend of the court to conduct domestic relations mediation and §§ 9, 11 and 17 authorize the friend of the court to make findings and pursue the enforcement of custody and support orders. See *Dryden v Coulon,* 145 Mich App 610; 378 NW2d 767 (1985). While it is true that § 7, subsection (2)(a) authorizes a friend of the court referee to "[h]ear all motions in a domestic relations matter, except motions pertaining to an increase or decrease in spouse support," subsections (2)(b), (2)(c) and (2)(d) relate, again, primarily to fact-finding functions. We think the friend of the court should be limited to these fact-finding investigative functions and that purely

legal questions should be left to the circuit court judges.

However, even if we assume that a friend of the court referee has the authority to conduct hearings and make recommendations regarding purely legal issues, it is clear from the statute that the circuit court must, upon motion by either party, conduct a "de novo hearing," rather than simply provide de novo review. MCL 552.507(5); MSA 25.176(7)(5). The distinction is one that has meaning and, in the context of trials, has been extensively discussed by this Court in *Walker v Wolverine Fabricating & Mfg Co, Inc,* 138 Mich App 660; 360 NW2d 264 (1984), lv gtd 422 Mich 858 (1985), and in *Anderson v General Motors Corp,* 138 Mich App 581, 585; 360 NW2d 251 (1984). Where a trial de novo is required, the circuit court is required to proceed as if no "prior determination had been made and arrive at an independent decision." *Anderson v General Motors Corp, supra,* 138 Mich App 585. We hold that the de novo hearing guaranteed under MCL 552.507(5); MSA 25.176(7)(5) requires the circuit court, on motion of any party dissatisfied with a recommendation of the friend of the court, to conduct a hearing as if no friend of the court hearing had been conducted previously and arrive at an independent conclusion. In this case, the friend of the court recommendation was filed April 3, 1985. Plaintiffs responded with a motion for de novo review which was filed on April 16, 1985, and noticed for hearing on April 29, 1985. However, the circuit court entered an order on April 19, 1985, dismissing the complaint and vacating its temporary order of custody pursuant to the recommendation of the friend of the court. The court subsequently granted plaintiffs' motion for de novo review and ultimately reaffirmed its initial position.

Though it is not clear from the record to what extent the circuit court independently heard and decided the motion to dismiss, we find no need to remand on this basis since we have already determined that the complaint must be dismissed under *Ruppel v Lesner.* Moreover, because this action was dismissed for lack of subject-matter jurisdiction, there is no order or judgment of custody subject to the automatic stay provision of MCR 2.614(A), formerly GCR 1963, 530.1. See *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich App 104, 114; 343 NW2d 249 (1983), lv den 419 Mich 936 (1984). Contrast *Lyons v Lyons,* 125 Mich App 626; 336 NW2d 844 (1983), in which a judgment of custody had been rendered.

Affirmed.