WEALTON v WEALTON

Docket No. 62560. Submitted June 8, 1982, at Grand Rapids.—Decided October 7, 1982.

Plaintiff Dolores Wealton (now Dolores Carlson) was divorced from defendant James J. Wealton in 1974. Custody of their three minor children was awarded to plaintiff. Both parents have since remarried. By stipulation, an order was entered on June 1, 1981, granting temporary custody of Douglas, the youngest son, who was then ten years old, to the defendant for the summer of 1981. Toward the end of the summer the defendant filed a petition for modification of judgment of divorce seeking a change pertaining to the permanent custody of Douglas. The Marquette Circuit Court, John E. McDonald, J., conducted a hearing and at the close of the defendant's proofs granted the plaintiff's motion to dismiss the defendant's petition. The trial court did not make a finding as to whether there was an established custodial environment and did not make a finding on each of the 11 mandatory best interest factors required by the Child Custody Act of 1970. Defendant appeals. *Held:*

1. Trial courts are required to make specific findings on each of the 11 specifically identified factors required by § 3 of the Child Custody Act of 1970, as amended, and arrive at custody decisions based on the sum total of those factors. The trial court in this case did not make a finding on each of the factors.

2. Once a decision on custody has been made, the trial court's authority to modify its previous order is limited to changing an "established custodial environment" only when it is presented

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 783, 791.
    42 Am Jur 2d, Infants § 43 *et seq.*
    59 Am Jur 2d, Parent and Child § 25.
[2] 24 Am Jur 2d, Divorce and Separation §§ 814, 817.
    59 Am Jur 2d, Parent and Child § 44.
[3] 24 Am Jur 2d, Divorce and Separation § 819.
    59 Am Jur 2d, Parent and Child §§ 27, 31.
Modern status of maternal preference rule or presumption in child custody cases. 70 ALR3d 262.

with clear and convincing evidence that it is in the best interest of the child.

3. The first step in considering a change of custody petition is to determine whether an established custodial environment exists in order that a determination can be made as to what burden of proof will be applied. The court cannot presume an established custodial environment by reference only to a custody order, but must look to the actual circumstances of each case, guided by the standardized criteria.

4. The fact that a custody order is labeled permanent or temporary does not eliminate the requirement that the established custodial environment be determined.

5. This case requires a full hearing and the trial court must leave a record for review.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY ACT — APPEAL.

The Child Custody Act of 1970, as amended, attempts to standardize the criteria for resolving child custody cases by declaring that the ultimate standard for the award of custody, *i.e.,* the best interest of the child, is to be determined by evaluation and consideration of 11 specifically identified factors; trial courts must make specific findings on each of the factors and arrive at custody decisions based on the sum total of these factors; such findings must be stated in the record in order to aid in appellate review (MCL 722.23; MSA 25.312[3]).

2. PARENT AND CHILD — COURTS — CHILD CUSTODY — CHANGE OF CUSTODY.

A trial court's authority to modify its previous order regarding child custody is limited to changing an "established custodial environment" only when it is presented with clear and convincing evidence that it is in the best interest of the child (MCL 722.27[c]; MSA 25.312[7][c]).

3. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT — BURDEN OF PROOF.

The first step a trial court must take in considering a petition for a change of child custody is to determine whether an established custodial environment exists and only then can it determine what burden of proof must be applied; the fact that a custody order is labeled permanent or temporary does not eliminate the requirement that the established custodial environment be determined from the actual circumstances of each case guided by the standardized criteria.

*Steward, Peterson & Sheridan* (by *Paul A. Peterson*), for plaintiff.

*Heitman & Summers* (by *Michael G. Summers*), for defendant.

Before: D. F. WALSH, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. The contesting parties in this custody suit were divorced on November 27, 1974. There were three minor children, Ronald, Scott, and Douglas, whose ages were 12, 11, and 10 respectively in 1981. Custody of the three children at the time of the divorce was awarded to the plaintiff mother. Both parents have remarried.

By stipulation, an order was entered on June 1, 1981, granting temporary custody of Douglas, the youngest son, to the defendant father for the summer of 1981.

The father, toward the end of the summer, filed a petition for a change of permanent custody of Douglas. Apparently, this was done at the request of Douglas, who, all admitted, desired to live with his father and stepmother.

A hearing was held on August 17, 1981. Testimony disclosed that the father had an unusual amount of extended visitation, perhaps one-third of the year with all of his sons. He testified that if Douglas were to live with him he could provide a separate room, and transportation and access to some activities that the mother could not provide. He had also promised Douglas a dog. There was testimony that Douglas related well to his stepmother and that. at times he quarreled with his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

natural mother. The father did concede that Douglas received adequate care from his mother.

At the close of the defendant father's proofs, the trial court granted plaintiff's motion to dismiss the defendant's petition. The court, in arriving at its judgment, assumed without finding that the established custodial environment, as defined by the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* was with the mother and then applied the clear and convincing evidence rule. The court also reviewed 8 of the 11 specifically identified factors required by § 3 of the Child Custody Act of 1970, MCL 722.23; MSA 25.312(3), finding generally that the parties were equal except for the preference of Douglas to live with his father.

Prior to passage of the Child Custody Act of 1970, the criteria for determination of a child's best interests were largely subjective and dependent upon the philosophy of the hearing judge.

The passage of the Child Custody Act of 1970 was an effort by the Legislature to standardize the criteria for determining the best interests of the child. *Baker v Baker,* 411 Mich 567, 576; 309 NW2d 532 (1981).

Michigan appellate courts have enforced this legislative intent by requiring trial courts to make specific findings on each of the 11 factors and arrive at custody decisions based on the sum total of these factors. *Carnes v Sheldon,* 109 Mich App 204, 218; 311 NW2d 747 (1981); *Currey v Currey,* 109 Mich App 111, 117; 310 NW2d 913 (1981); *Speers v Speers,* 108 Mich App 543, 545; 310 NW2d 455 (1981).

Once a decision on custody has been made, the trial court's authority to modify its previous order is limited to changing an "established custodial

environment" only when it is presented with "clear and convincing evidence that it is in the best interest of the child". MCL 722.27(c); MSA 25.312(7)(c).

The first step in considering a change of custody petition is to determine whether an established custodial environment exists. It is only then that the court can determine what burden of proof must be applied. *Baker v Baker, supra,* p 579; *DeGrow v DeGrow,* 112 Mich App 260, 265; 315 NW2d 915 (1982).

In this case, the court did not make a finding as to the established custodial environment. The court cannot presume an established custodial environment by reference only to a custody order, but must look to the actual circumstances of each case, guided by the standardized criteria. In light of the fact that Douglas had spent perhaps more of the year 1981 with his father than with his mother, such a finding was necessary. The fact that a custody order is labeled "permanent" or "temporary" does not eliminate the requirement that the established custodial environment be determined. *Blaskowski v Blaskowski,* 115 Mich App 1; 320 NW2d 268 (1982); *Berman v Berman,* 84 Mich App 740, 747-748; 270 NW2d 680 (1978), *lv den* 404 Mich 828 (1979).

Child custody cases are tedious and slow. The evidence tends to be cumulative and repetitive. The trial court does have discretion to discourage cumulation and repetition. The court must hear and evaluate all evidence presented in an inquisitorial proceeding and satisfy itself that it is deciding in the child's best interests. It must also leave a record to review. *In re Custody of James B,* 66 Mich App 133, 134; 238 NW2d 550 (1975).

This case requires a full hearing. The trial court

did not make a finding as to whether there was an established custodial environment. It did not make a finding on each of the 11 mandatory best interests factors required by the Child Custody Act of 1970, as amended. A remand is necessary. *Lesauskis v Lesauskis,* 111 Mich App 811, 816; 314 NW2d 767 (1981).

Reversed and remanded for a new trial and a full hearing with instructions to develop a record as herein suggested.