## HASTINGS v HASTINGS

Docket No. 87269. Submitted May 9, 1986, at Grand Rapids. Decided August 18, 1986. Leave to appeal denied, 428 Mich 859.

Plaintiff, SuEllen Hastings, filed a petition in the Grand Traverse Circuit Court seeking permanent custody of Rebekah D. Hastings, a minor, who is the daughter of the plaintiff's deceased brother. The circuit court issued an ex parte restraining order preventing the child's removal from the state. Defendant, Velma R. Hastings, the child's natural mother, thereafter learned of the restraining order and petition for custody. The facts indicate that the child had been placed in the temporary care of the plaintiff by the defendant and her husband due to the defendant's inability to care for the child because of defendant's mental illness. Following the death of the child's father, the parties agreed to leave the child with the plaintiff until defendant could relocate near her family in California. However, unbeknownst to the defendant, the plaintiff had already filed the petition seeking permanent custody in the circuit court. Following a hearing, the circuit court, Charles M. Forster, J., found that defendant's mental illness was in remission and that it was in the child's best interests to be returned to the defendant. Plaintiff appeals from the order and judgment to that effect.

The Court of Appeals *held:*

1. The circuit court lacked the authority to entertain a third-party complaint for custody under the circumstances of this case.

2. A nonparent may not institute a custody action in circuit court. However, once judicial intervention has already taken

REFERENCES

Am Jur 2d, Courts §§ 95, 97, 105.

Am Jur 2d, Divorce and Separation §§ 1003, 1005.

Am Jur 2d, Parent and Child §§ 25-27, 34.

Award of custody of child where contest is between child's parents and grandparents. 31 ALR3d 1187.

Award of custody of child where contest is between child's grandparent and one other than the child's parent. 30 ALR3d 290.

place (such as in divorce proceedings), the court may, in limited circumstances, award custody to a third party.

The circuit court's order is vacated and the case dismissed.

1. COURTS — JURISDICTION — SUBJECT MATTER JURISDICTION.
   Jurisdiction of subject matter may be raised at any stage of court proceedings and such jurisdiction can never be conferred by the actions of the parties.

2. PARENT AND CHILD — CHILD CUSTODY ACT — THIRD-PARTY ACTIONS.
   The Child Custody Act does not create substantive rights of entitlement to custody of a child; the act does not authorize a nonparent to create a child custody dispute by simply filing a complaint in circuit court alleging that giving custody to the third party is in the best interests of the child (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.*).

3. PARENT AND CHILD — CIRCUIT COURTS — THIRD-PARTY ACTIONS.
   A nonparent may not institute a child custody action in a circuit court; however, once judicial intervention has already taken place, such as in divorce proceedings, the court may, in limited circumstances, award custody to a third party.

*Katherine R. Ryder,* for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *George F. Bearup*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and M. E. DODGE,* JJ.

SHEPHERD, J. Plaintiff appeals as of right from a Grand Traverse Circuit Court order granting custody of Rebekah Dawn Hastings to defendant, the child's natural mother. Plaintiff is the child's aunt, the sister of Rebekah's natural father. We vacate the circuit court's order based on a lack of subject matter jurisdiction to entertain the third-party petition for custody and dismiss the case.

Defendant, Velma Ruth Hastings, and her husband, Tom Hastings, left their daughter Rebekah, born March 8, 1977, in the temporary care of the

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff, Tom Hastings' sister, in April, 1984. At the time defendant was unable to care for her child because she was mentally ill. In August, 1984, defendant and her husband returned to Michigan and took the child home to Louisiana with them but returned the child to plaintiff within a week. Defendant and her husband made plans to again pick up their daughter in December, 1984, but those plans were interrupted by Tom Hastings' death in an automobile accident on December 17, 1984. At the funeral in Michigan, defendant agreed with the Hastings family to leave Rebekah with the plaintiff until defendant could relocate near her family in California. Unbeknownst to defendant, plaintiff had already filed a petition in the circuit court for permanent custody of the child and obtained an ex parte restraining order preventing the child's removal from Michigan. Defendant learned of the restraining order and petition for custody in April, 1985, after she had bought a round-trip airline ticket for her daughter to visit her in California.

A full hearing on plaintiff's complaint for custody was held on August 8, 1985. At the conclusion of the hearing, the circuit court found that defendant's mental illness was in remission and that it was in the child's best interests to be returned to her mother. Rebekah is currently in her mother's custody in California.

The sole issue raised and addressed by the parties on appeal is whether the circuit court abused its discretion by finding that it was in the child's best interests to be returned to the custody of her mother. We find it unnecessary to address this issue since under *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984), the circuit court lacked the authority to entertain a third-party complaint for custody under the circumstances of this case. We

note that jurisdiction of subject matter may be raised at any stage of the proceedings and such jurisdiction can never be conferred by the actions of the parties. See e.g., *Goodman v Bay Castings Division of Gulf & Western Industries,* 49 Mich App 611, 625; 212 NW2d 799 (1973); *Millman Brothers, Inc v Detroit,* 2 Mich App 161, 166; 139 NW2d 139 (1966).

The Supreme Court in *Ruppel, supra,* addressed the issue of a third-party (nonparent) action for custody under the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* In that case the child left the parents' home after an argument and went to a friend's home. She was later taken to a juvenile home where she continued to refuse to return to the parents' home. See *Ruppel v Lesner,* 127 Mich App 567; 339 NW2d 49 (1983), rev'd 421 Mich 559 (1984). The child's grandparents filed a petition for a change of custody under the Child Custody Act. The child's parents opposed this action. Custody was awarded to the grandparents by the circuit court and this Court affirmed that award. However, the Michigan Supreme Court reversed and held:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection. The Child Custody Act does not create substantive rights of entitlement to custody of a child. Rather, it creates presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court. While custody may be awarded to grandparents or other third

parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child." When, as in this case, the third parties are close relatives of the child, we must remember that, except for limited visitation rights, grandparents have no greater claim to custody than any other relative, or indeed any other persons. The rule adopted by the Court of Appeals would permit any person to file a circuit court action asking for change of custody of a child living with parents who were not involved in a divorce or separation procedure. We think it clear that the Legislature contemplated no such result. [421 Mich pp 565-566.]

It is possible to argue that the *Ruppel* holding creates three exceptions to the general rule that third parties cannot bring a custody action: (1) where divorce or separate maintenance proceedings have been instituted; (2) where there has been a finding of parental unfitness under MCL 712A.19a; MSA 27.3178(598.19a); or (3) where a child is not living with his or her parents. However, we believe that the Supreme Court did not intend to create a third exemption where the child is not living with his or her parents. The Supreme Court held that the Child Custody Act "does not create substantive rights of entitlement to custody of a child." *Id.*, p 565. It further stated that "nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody 'dispute' by simply filing a complaint in circuit court alleging that giving custody to the third party is in the 'best interests of the child.' " *Id.*, p 566. We con-

clude that the correct characterization of the Supreme Court's holding is that a nonparent may not institute a custody action in circuit court. However, once judicial intervention has already taken place (such as in divorce proceedings), the court may, in limited circumstances, award custody to a third party. Our interpretation of the *Ruppel* holding is consistent with that given it by Justice LEVIN in his dissent.

Plaintiff was not without a forum. Plaintiff could have sought to have defendant declared an unfit parent in probate court based on abandonment, or neglect, or mental illness and thereby could have sought to terminate parental rights under the juvenile code pursuant to MCL 712A.19a; MSA 27.3178(598.19a). Under MCL 712A.11; MSA 27.3178(598.11), any person may give information to the juvenile division of the probate court that a child "is within the provision of this chapter" and, if authorized by the probate court, may file a petition requesting that the court acquire formal jurisdiction over the child. See OAG, 1916, p 175 (September 29, 1915). Once the probate court had properly assumed jurisdiction and properly terminated or suspended defendant's parental rights, plaintiff could have petitioned the probate court to be appointed guardian pursuant to MCL 700.424; MSA 27.5424. See *Ruppel, supra,* p 565, n 5.

Under *Ruppel,* the circuit court lacked authority even to entertain plaintiff's complaint for custody. Accordingly we vacate the circuit court's order for lack of subject matter jurisdiction and dismiss the case. MCR 7.216(A)(1).