MEACHUM v BOWER

Docket No. 87475. Submitted August 5, 1986, at Grand Rapids.
   Decided December 15, 1986.

   Brian Bower was born out of wedlock to Rosalie K. Bower, an
   adult. Rosalie Bower signed a release of her parental rights and
   the Grand Traverse Probate Court entered an order terminat-
   ing Rosalie Bower's parental rights and those of the putative
   father's and committed the child to Community Family and
   Children Services for the purpose of adoption. CFCS placed the
   child with Bruce and Nikki Harper. The Harpers formally
   petitioned the probate court for adoption. On the same date
   that the Harpers' petition was filed with the probate court,
   Mary Meachum, mother of Rosalie Bower and grandmother of
   Brian Bower, filed a complaint in Grand Traverse Circuit
   Court, seeking custody of Brian and alleging that the best
   interests of the child would be served if he were raised by
   members of his family. Named as defendants were Rosalie
   Bower, CFCS, the Harpers and Steve Armour, putative father of
   Brian. Defendants Harpers and CFCS moved for summary dispo-
   sition. The circuit court, William R. Brown, J., granted the
   motion. Plaintiff appealed.

   The Court of Appeals *held:*

   Since there were neither divorce or separate maintenance
   proceedings nor allegations of parental unfitness, the circuit
   court had no jurisdiction under the Child Custody Act. The
   grandparent visitation provision specifically provides that it is
   not applicable in this situation. Accordingly, the circuit court
   properly dismissed the case. Plaintiff must seek her relief, if
   any, from the probate court.

   Affirmed.

REFERENCES

Am Jur 2d, Adoption §§ 68 *et seq.*

Am Jur 2d, Courts § 98.

Am Jur 2d, Infants §§ 28 *et seq.*

Am Jur 2d, Parent and Child §§ 25 *et seq.*

Grandparents' visitation rights. 90 ALR3d 222.

See also the annotations in the Index to Annotations under Adop-
   tion of Children; Custody and Support of Children.

W. R. Peterson, J., concurred. He would, however, base the determination on the narrow ground that the probate court had already assumed proper jurisdiction, which thus preempted the general jurisdiction of the circuit court which exists under Const 1963, art 6, § 13.

## Opinion of the Court

1. Parent and Child — Child Custody Act — Grandparent Visitation Rights — Adoption — Circuit Court — Jurisdiction.

   A circuit court lacks jurisdiction to grant custody of a child to the grandparents of that child pursuant to a petition filed under the Child Custody Act where the parental rights to the child have already been terminated by a probate court, custody of the child has been placed in the hands of a child placement agency and the child has been placed in the home of prospective adoptive parents, since the Child Custody Act is not applicable under those circumstances and the grandparent visitation provision specifically is not applicable where the legal custody has been placed in someone other than the parent or stepparent for the purpose of adoption; the proper procedure for a grandparent under these circumstances is to petition the probate court to be appointed guardian of the child or to initiate adoption proceedings (MCL 722.21 et seq.; MSA 25.312[1] et seq.).

## Concurrence by W. R. Peterson, J.

2. Courts — Circuit Courts — Jurisdiction — Original Jurisdiction.

   *The circuit court has original jurisdiction in all matters except where legislatively or constitutionally denied.*

3. Courts — Circuit Courts — Probate Courts — Adoption — Child Custody.

   *The initiation of adoption proceedings in a probate court preempts circuit courts from exercising child custody dispute jurisdiction with respect to the child's being placed for adoption.*

*Graff & Hunt* (by *James M. Hunt*), for plaintiff.

*Michael K. Cooper,* for defendants.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and
W. R. PETERSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from
an order granting summary disposition in favor of
defendants on plaintiff's petition for custody of her
biological grandchild, Brian Louis Bower, who was
born on November 23, 1984. Brian was born out of
wedlock to plaintiff's daughter, defendant Rosalie
K. Bower, an adult. Two men identified as putative
fathers of Brian disclaimed interest in custody of
the minor child. Bower decided to relinquish Brian
for adoption and made arrangements for open
adoption with defendant Community Family and
Children Services (CFCS) which placed the child
with defendants Harper, with whom he has re-
sided since November 25, 1984. On December 11,
1984, Rosalie Bower signed a release of her paren-
tal rights. On that same day the probate court
entered an order terminating Bower's parental
rights and those of the putative fathers and order-
ing the child committed to CFCS.

On December 12, 1984, plaintiff filed the instant
complaint in circuit court, petitioning for custody
of Brian and alleging that the child's best interests
would be served if he was raised by members of
his family and that such arrangements would
provide the best custodial environment for him.
That same date the Harpers formally petitioned
for the adoption of Brian. On January 16, 1985,
the probate court, upon receipt of a consent to
adoption and an investigative report from CFCS,
entered an order terminating parental rights after
consent. Brian was placed for adoption with the
Harpers and CFCS was ordered to supervise the
adoptee in the home. On August 9, 1985, the
circuit court dismissed plaintiff's petition, ruling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that plaintiff had no right of action to create a dispute for custody absent divorce or separate maintenance proceedings or allegations of parental unfitness.

Plaintiff now urges that the circuit court erred because she has a right to maintain this action under the Child Custody Act. Plaintiff contends that this case involves not her rights against the rights of parents but rather her rights against the rights of another third party. Plaintiff argues that under such circumstances it is the duty of the court to proceed to make a factual determination of the best interests of the child.

In its grant of summary disposition, the circuit court relied upon *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984), reh den 422 Mich 1201 (1985). We agree that the language in *Ruppel* compels us to affirm the circuit court.

The Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* establishes procedures and standards for resolving competing custody claims. *Raleigh v Watkins,* 97 Mich App 258; 293 NW2d 789 (1980). The act sets forth standardized criteria for determining the best interests of the child. *Wealton v Wealton,* 120 Mich App 406; 327 NW2d 493 (1982). By virtue of § 5, MCL 722.25; MSA 25.312(5), the act also creates a rebuttable presumption that the best interest of the child is served by awarding custody to the parents when the competing claims are between the parents and an agency or a third party. No presumption exists, however, if the competing claims are between parties other than a parent. The statute does not explicitly define parent, although it does define agency to include a licensed child-placement agency, MCL 722.22(b); MSA 25.312(2)(b), and a third person as any person other than a parent, MCL 722.22(c); MSA 25.312(2)(c).

In *Ruppel,* the custody dispute was between the child's natural mother and adoptive father and her maternal grandparents. Initially the grandparents had obtained a circuit court order for visitation and, later, filed a petition for change of custody claiming it would not be in the child's best interests for her to remain with her parents. The court ordered temporary custody to the grandparents from which order the parents took an appeal. This Court affirmed, but the Supreme Court reversed.

On appeal, the parents claimed that, absent divorce or separation proceedings or a finding of parental unfitness, the circuit court could not properly give custody to a third party. The Supreme Court agreed, stating:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection. [*Ruppel, supra,* p 565.]

The Supreme Court also stated that it found no authority enabling a nonparent to create a child custody dispute simply by filing a circuit court complaint alleging the child's best interests are served by giving custody to the third party. *Id.,* p 566. Because the Court of Appeals had affirmed the lower court decision, the Supreme Court opined:

> The rule adopted by the Court of Appeals would permit any person to file a circuit court action asking for change of the custody of a child living with parents who were not involved in divorce or

separation procedure. We think it clear that the
Legislature contemplated no such result. [*Ruppel,
supra,* p 566.]

The Supreme Court then pointed out that without a custody matter before the circuit court, and
because the grandparents' daughter was still living, the grandparents did not even have a right to
a visitation action pursuant to MCL 722.27b; MSA
25.312(7b). The Court therefore concluded that the
Legislature could not have intended to grant
grandparents a right to seek custody where they
had no right to seek visitation. 421 Mich 567.

In the case at bar, unlike *Ruppel,* Brian was not
living with his "parents" when plaintiff filed her
child custody action. In fact, Bower had voluntarily relinquished her parental rights and the probate court had already granted an order terminating her parental rights. Brian was living with the
Harpers under the child placement authority
granted by the probate court to CFCS pursuant to
the Adoption Code. The Harpers were not yet
Brian's legal parents when plaintiff filed her custody petition. Consequently, any purported custody
dispute involved an agency and a third party: CFCS,
an agency, had custody; and the biological maternal grandmother, a third party, sought custody.

Nevertheless, the grandparent visitation provision of the Child Custody Act, MCL 722.27b; MSA
25.312(7b), would preclude plaintiff from petitioning to the circuit court for visitation under these
facts. The relevant language affords grandparents
a right of visitation when the child is the subject
of a custody dispute. MCL 722.27b(2); MSA
25.312(7b)(2) provides in relevant part:

(2) As used in this section, "child custody dispute" includes a proceeding in which any of the
following occurs:

\* \* \*

(b) Legal custody of the child is given to a party other than the child's parent, or the child is placed outside of and does not reside in the home of a parent, *excluding any child who has been placed for adoption with other than a stepparent,* or whose adoption by other than a stepparent has been legally finalized. [Emphasis added.]

This was exactly the status of Brian on December 12, 1984, when plaintiff filed her circuit court complaint. Therefore, plaintiff would not have the statutory grant to file a complaint seeking visitation.

The lack of such a right of action was extremely significant for the Supreme Court in *Ruppel:*

We do not believe that a statute that would not authorize the grandparents to seek visitation would nonetheless allow them to ask for custody, as they have in this action. [*Ruppel, supra,* p 567.]

This Court recently construed *Ruppel* in a similar case, *Hastings v Hastings,* 154 Mich App 96; 397 NW2d 232 (1986). In *Hastings,* the minor child's paternal aunt filed a custody petition seeking permanent custody from the defendant's natural mother. The trial court found that it was in the best interests of the child to be returned to her mother. On appeal, this Court vacated the circuit court's order for lack of subject matter jurisdiction and dismissed the case. Judge SHEPHERD based the panel's disposition in *Hastings* upon the conclusion that under *Ruppel* a nonparent may not institute a custody action in circuit court.

Thus, our reading of *Ruppel* and the well-reasoned opinion in *Hastings* persuades us that the circuit court did not err in dismissing plaintiff's petition. As noted in *Hastings,* once the probate

court properly assumed jurisdiction and properly terminated the natural mother's parental rights, plaintiff's remedy was to petition the probate court to be appointed guardian or to initiate adoption proceedings in her own behalf. Here, because plaintiff was without standing to initiate the petition for custody, the circuit court was correct in granting disposition. MCR 2.116(C)(4), (7), and (8).

Affirmed.

W. R. PETERSON, J. *(concurring).* I concur separately, not out of disagreement with my brothers' application of *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984), but because I am left uneasy by *Ruppel v Lesner,* itself. That opinion states what I consider to be an overbroad denial of the existence of original jurisdiction of the circuit courts over children, a jurisdiction which I have always believed to exist except where legislatively or constitutionally denied. See *Sovereign v Sovereign,* 354 Mich 65; 92 NW2d 585 (1958), since which Const 1963, art 6, § 13[1] has substantially readopted Const 1908, art 7, § 10. I do not read the Child Custody Act, 1970 PA 91; MCL 722.21 *et seq.;* MSA 25.312 *et seq.,* or any other legislative enactment to restrict the jurisdiction which *Sovereign* recognized. I would thus read most of *Ruppel v Lesner,* as dictum deserving more thorough consideration in an appropriate case.

The instant matter may be affirmed because the circuit court's jurisdiction was preempted by the adoption proceedings initiated by the probate court, a subject matter over which the probate courts are given exclusive jurisdiction.

---

[1] The circuit court shall have original jurisdiction in all matters not prohibited by law . . . .