### SEARCY v SEARCY

Docket No. 104416. Submitted August 18, 1988, at Detroit. Decided November 21, 1888.

Wilda L. Searcy petitioned the Wayne Circuit Court for custody of her granddaughter, who was a temporary ward of the Wayne County Probate Court while termination of parental rights proceedings were pending. The court, James J. Rashid, J., dismissed for lack of subject-matter jurisdiction. Petitioner appealed.

The Court of Appeals *held:*

The taking of temporary custody of a child by the probate court does not constitute a finding of parental unfitness sufficient to create in a nonparent the right to petition the circuit court for custody of the child under the Child Custody Act.

Affirmed.

INFANTS — CUSTODY — CHILD CUSTODY ACT — JURISDICTION.

The taking of temporary custody of a child by the probate court does not constitute a finding of parental unfitness sufficient to create in a nonparent the right to petition the circuit court for custody of the child under the Child Custody Act (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

*Kevin A. McNulty,* for petitioner.

*William E. Ladd,* for the minor child.

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the Department of Social Services.

REFERENCES

Am Jur 2d, Infants §§ 28 *et seq.*

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

Before: DOCTOROFF, P.J., and WAHLS and T. BROWN,* JJ.

WAHLS, J. Petitioner, Wilda L. Searcy, appeals as of right from an October 12, 1987, order of the Wayne Circuit Court dismissing her petition for custody of her granddaughter, Rhonda Washington, filed pursuant to the Child Custody Act of 1970, MCL 722.21 *et seq.*, MSA 25.312 (1) *et seq.* The circuit court found that it did not have subject-matter jurisdiction to entertain the present action. We affirm.

The record reveals that petitioner, the mother of respondent, Wanda Searcy, who is the mother of Rhonda Washington, filed a petition in circuit court on August 11, 1987, to obtain custody of her granddaughter. At that time, a proceeding was pending in the Wayne County Probate Court in which the Department of Social Services was seeking to terminate Wanda Searcy's parental rights in Rhonda pursuant to the permanent-custody provisions of the juvenile code, MCL 712A.19a; MSA 27.3178(598.19a). Rhonda, who was born on June 5, 1983, had been a temporary ward of the court since June 19, 1984.

On appeal, petitioner contends that the circuit court erred in dismissing her petition for custody of her granddaughter, filed under the Child Custody Act, on the ground of not having subject-matter jurisdiction. The act, in pertinent part, states:

(1) If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or [sic] judgment of

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the circuit court, for the best interests of the child the court may:

(a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age. The court may require that support payments shall be made through the friend of the court or clerk of the court.

(b) Provide for reasonable visitation of the child by the parties involved, the maternal or paternal grandparents, or by others, by general or specific terms and conditions. [MCL 722.27; MSA 25.312(7).]

Regarding this statutory language, this Court recently stated as follows:

Aside from a limited statutory exception allowing grandparents seeking visitation rights with grandchildren to file an action in a circuit court, MCL 722.27b; MSA 25.312(7)(b), the act does not confer subject matter jurisdiction upon circuit courts to entertain original custody disputes filed by third parties (i.e., by nonparents, MCL 722.22[c]; MSA 25.312[2][c]). Instead, such jurisdiction, if it is to be conferred at all, must be obtained through some other proceeding.

In *Ruppel v Lesner*, [421 Mich 559, 565-566; 364 NW2d 665 (1984)], the Supreme Court discussed the jurisdictional limitations of the CCA [Child Custody Act]:

"We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection.[5] . . . While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware,

authorizes a nonparent to create a child custody 'dispute' by simply filing a complaint in circuit court alleging that giving custody to the third party is in the 'best interests of the child.' "

---

[5] Of course, if the parents abuse, neglect, or abandon a child, proceedings may be brought under the juvenile code to bring the child within the probate court's jurisdiction, allowing appropriate orders regarding custody. MCL 712A.1 *et seq.*; MSA 27.3178(598.1) *et seq.* While in this case the grandparents have made claims about the unsuitability of the parents, there has been no finding of unfitness.

---

In *Hastings v Hastings,* 154 Mich App 96, 100; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987), a panel of this Court construed this language in *Ruppel* as setting forth two exceptions to the general rule that a nonparent may not institute a custody action in a circuit court: (1) where divorce or separate maintenance proceedings have been begun or (2) where there has been a finding of parental unfitness under the provisions of the juvenile code concerning the placement of children into the permanent custody of the juvenile court, MCL 712A.19a; MSA 27.3178(598.19a). See also *Meachum v Bower,* 156 Mich App 661, 667-668; 402 NW2d 66 (1986), and *Marshall v Beal,* 158 Mich App 582, 587-588; 405 NW2d 101 (1986). [*Long v Branch,* 172 Mich App 81, 86-87; 431 NW2d 835 (1988).]

In the present case, since no divorce or separate maintenance proceedings have been initiated, the key issue becomes whether there has been a finding of parental unfitness in the litigation concerning the placement of Rhonda into the permanent custody of the probate court. In the context of this case, the issue, more narrowly framed, is whether the probate court's taking of temporary custody of petitioner's granddaughter pursuant to the juvenile code, MCL 712A.2(b); MSA 27.3178(598.2)(b), is a "finding of parental unfitness in an appropriate proceeding" such that the circuit court could properly entertain petitioner's petition for custody filed

under the Child Custody Act. *Ruppel, supra,* p 565.[1]

We do not believe that the taking of temporary custody of a child by a probate court constitutes a finding of parental unfitness sufficient to create in a nonparent the right to petition a circuit court for custody of the child under the Child Custody Act. The juvenile division of a probate court has jurisdiction in proceedings concerning a child under seventeen years of age whose parent neglects or refuses to provide proper support and care for the child, or whose home, by reason of neglect, is an unfit place for the child to live in, MCL 712A.2(b); MSA 27.3178(598.2)(b), and may, in such proceedings, make the child a temporary ward of the court and place him or her in appropriate care, MCL 712A.18; MSA 27.3178(598.18). Thus, it is clear that, in cases such as that now before us, there must be some testimony establishing that the child was neglected by his or her parent before a probate court may take jurisdiction of the child and enter a valid dispositional order. However, the quantum of such testimony needed to support an exercise of jurisdiction and the issuance of a dispositional order regarding the temporary custody of a child is less than that needed to justify the termination of parental rights by way of a permanent custody order. In *Fritts v Krugh,* 354 Mich 97, 113-114; 92 NW2d 604 (1958), the Supreme Court stated:

---

[1] On appeal, petitioner neither argues nor suggests that the *Ruppel* rule regarding the necessity of a divorce or separate maintenance proceeding or of a finding of parental unfitness in an appropriate proceeding may not apply to situations in which the child is not living with a parent. In *Ruppel,* the child was living with her parents when temporary custody was granted to her grandparents. One panel of this Court has already concluded, however, that "the Supreme Court [in *Ruppel*] did not intend to create a third exemption where the child is not living with his or her parents." *Hastings v Hastings,* 154 Mich App 96, 100; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987).

> After some consideration of the problem, we distinguish here between the testimony which would afford support for an order taking temporary custody for reasons of neglect and that necessary to support a permanent custody order.
>
> Such a distinction may not be found clearly spelled out in the statute (section 20) [MCL 712A.20; MSA 27.3178(598.20)] quoted above. Yet we note the obvious unconstitutionality of the statute if facts of purely temporary neglect could suffice to support the entry of a permanent custody order severing all parental rights. Where, for example, a wholly normal family is confronted with the sudden emergency of a house destroyed by fire—the proven lack of proper shelter for the children for the next 24 or 48 hours could not, under our concept of due process, support an order of the court taking permanent custody and severing all parental rights.

This Court has often cited *Fritts* for the proposition that the rights of a parent should not be terminated due to temporary circumstances because such action is improper absent evidence of long-time neglect or serious threats to the future welfare of the child. See, e.g., *In the Matter of Harmon,* 140 Mich App 479, 482-483; 364 NW2d 354 (1985); *In the Matter of Slis,* 144 Mich App 678, 687; 375 NW2d 788 (1985); *In re Parshall,* 159 Mich App 683, 689; 406 NW2d 913 (1987), lv den 428 Mich 909 (1987); *In re Bedwell,* 160 Mich App 168, 173; 408 NW2d 65 (1987).

In sum, we conclude that a parent may not be deemed unfit to care for a child such that a nonparent may properly file in a circuit court a petition for custody of the child under the Child Custody Act based solely on the child's having been temporarily taken into the custody of a probate court under the juvenile code. Rather, before a nonparent may properly file such a petition, the

child must have been taken into the permanent custody of the probate court after the parent's rights in the child have been terminated in accordance with the permanent custody provisions of the juvenile code.

We recognize that our holding in this case seems to differ with that in *Meachum v Bower,* 156 Mich App 661; 402 NW2d 66 (1986). In *Meachum,* the mother's parental rights in her son had already been terminated by a probate court and the child was living with a family which was in the process of adopting him when his maternal grandmother filed a petition for custody in circuit court under the Child Custody Act. This Court, emphasizing that, under a subsection of the grandparent visitation provision of the Child Custody Act, MCL 722.27b(2); MSA 25.312(7b)(2), the grandmother would have no right to petition the circuit court even for visitation because the child had already been placed for adoption with someone other than a stepparent, affirmed the circuit court's grant of summary disposition in favor of the named defendants.[2] The *Meachum* panel, citing the dictum in *Ruppel,* reasoned that the Legislature could not have intended that a grandparent be allowed to seek the custody of a grandchild in a situation in which the grandparent would be precluded even

---

[2] The relevant portion of the grandparent visitation provision of the Child Custody Act, MCL 722.27b(2); MSA 25.312(7b)(2), as quoted, with emphasis added, in *Meachum, supra,* pp 666-667, states:

(2) as used in this section, "child custody dispute" includes a proceeding in which any of the following occurs:

* * *

(b) Legal custody of the child is given to a party other than the child's parent, or the child is placed outside of and does not reside in the home of a parent, *excluding any child who has been placed for adoption with other than a stepparent,* or whose adoption by other than a stepparent has been legally finalized.

from seeking the lesser right of visitation. It seems incongruous to us, however, that the grandparent visitation provision, which was designed to afford grandparents more rights, would be used to restrict the right to seek custody of a grandchild in accordance with the Supreme Court's holding in *Ruppel* that a third party may properly file a petition for custody of a child after there has been a finding of parental unfitness in an appropriate proceeding. Thus, we believe that, in differing with *Meachum,* we are deferring to *Ruppel.*

Having concluded that the circuit court in this case had no jurisdiction to entertain petitioner's petition for custody of her granddaughter under the Child Custody Act prior to a finding of parental unfitness by the probate court in the form of a permanent custody order terminating parental rights, we need not determine what effect the pending probate court action would have had on the jurisdiction of the circuit court. See *Jewell v Grand Traverse County Probate Judge,* 51 Mich App 134, 145; 214 NW2d 717 (1974).

Affirmed.