ROSIAK *v.* MURPHY

1. INFANTS—CUSTODY—JURISDICTION—STATUTES.

The adoption statute does not confer jurisdiction on a probate court, to the exclusion of the plenary jurisdiction of the circuit court, to determine where child custody should lie, considering the best interest of the child (MCLA § 710.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 42 Am Jur 2d, Infants §§ 29, 33–41.
[3] 42 Am Jur 2d, Infants §§ 28–57.

2. INFANTS—CUSTODY—ADOPTION—JURISDICTION—EQUITY.

> A circuit court has inherent equitable jurisdiction to determine child custody disputes even after the surviving parent has released the child for adoption and that release has been accepted by a probate court.

3. INFANTS—CUSTODY—ADOPTION—COLLATERAL ATTACK.

> A suit for custody of an infant by the child's maternal grandparents in a circuit court is not an attack on the probate court's acceptance of the parent's release for adoption.

4. INFANTS—CUSTODY—HABEAS CORPUS—JURISDICTION.

> A circuit court which has jurisdiction to hear a child custody suit has ancillary jurisdiction to hear a connected *habeas corpus* action.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 June 17, 1971, at Detroit. (Docket No. 10363.) Decided August 30, 1971.

Complaint by Joseph Rosiak and Stella Rosiak against James P. Murphy and Catholic Social Services of Washtenaw County for the custody of plaintiff grandchild. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Louisell & Gillis,* for plaintiffs.

*Burke, Ryan, Rennell & Foster,* for defendant Murphy.

*DeVine & DeVine* (by *Allyn D. Kantor*), for defendant Catholic Social Services of Washtenaw County.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

McGREGOR, J. Before us we have the question of whether a Wayne County Circuit Court has jurisdic-

tion to entertain the issue concerning the custody of a child, where a Washtenaw County Probate Court had previously issued an adoption release order. Plaintiffs are the maternal grandparents of the infant child; the defendants are the father of the child and an adopting agency, to which the father had released the child for adoption.

Plaintiffs' daughter married defendant Murphy on October 17, 1969. On November 19, 1969, the daughter gave birth to a female infant; on December 9, 1969, plaintiffs' daughter died as the result of multiple stab wounds inflicted upon her by the defendant Murphy. Within a day or two thereafter, defendant Murphy was arrested, charged with his wife's murder, and was later found not guilty by reason of insanity. The infant was placed in the care of the plaintiffs, the child's maternal grandparents, who resided in Dearborn, Wayne County. The plaintiffs had physical custody of the infant until February 25, 1970. On February 24, 1970, defendant Murphy, as the surviving parent of the infant, appeared before a probate judge of Washtenaw County and signed a release[1] of the infant to the defendant Catholic Social Services of Washtenaw County, a Michigan nonprofit corporation, for subsequent adoption.

Plaintiffs brought an action in Wayne County, seeking a writ of *habeas corpus,* declaration of rights, and injunctive relief, for purposes of determining the custody of the infant. Plaintiffs had physical custody of the infant in Dearborn until the day following the execution of the release for adoption, and only then was the child placed in the custody of the Catholic Social Services. The trial court denied plaintiffs' petition for an order to show cause for a writ of *habeas corpus.* Plaintiffs then filed an

---

[1] MCLA § 710.3(a)(2) (Stat Ann 1962 Rev § 27.3178[543][a][2]).

amended complaint, withdrawing the paragraphs of their prayer which sought relief in the nature of *habeas corpus,* whereupon the defendants filed motions for summary and accelerated judgments, asserting that, by virtue of the proceedings in Washtenaw County Probate Court, exclusive jurisdiction vested in the courts of that county, and that the plaintiffs could not attack the validity of the proceedings collaterally in the County of Wayne. Defendants also asserted in their motions that the defendant Murphy and his infant daughter were residents of Washtenaw County, in addition to the contention that plaintiffs' complaint failed to state a cause of action.

. Defendant Murphy lived in Ann Arbor while attending the University of Michigan. He signed certain documents which indicated that he was a resident of Washtenaw County; he also signed documents which indicated that he was a resident of Wayne County. The residence of defendant Murphy and the child in Wayne County was well pleaded in plaintiffs' complaint, and is assumed as correct on motions for summary judgment and accelerated judgment.

An evidentiary hearing was held by the trial judge, limited to the question of the residence of the defendant Murphy. After the hearing was concluded, the trial judge filed a written opinion in which he held that the Probate Court of Washtenaw County had exclusive jurisdiction of the question of custody and that this was so, irrespective of the residence of the defendant Murphy or the infant child. An order was then entered, granting the defendants' motions for summary and accelerated judgments. Plaintiffs filed a timely claim of appeal.

On appeal, the defendants contend that, where a release and consent for adoption were executed before the Washtenaw County Probate Court, acting in accordance with its statutory authority, the validity of that release may not be collaterally attacked in the Wayne County Circuit Court.

The trial judge, in his opinion, stated:

"It is this court's opinion that the attack upon the validity of the release and the competency of defendant Murphy should be made in the Washtenaw County Probate Court or by appeal *de novo* from that court to the Washtenaw County Circuit Court."

Although the plaintiff grandparents were challenging the custody of a child, the trial court here granted defendants' motion for accelerated judgment, based upon GCR 1963, 116.1(2), to wit:

" * * * the court lacks jurisdiction of the subject matter."

There is no question that the Washtenaw County Probate Court had the limited jurisdiction to accept or refuse the release or termination order for adoption executed by defendant Murphy, pursuant to MCLA § 710.3(a)(2) (Stat Ann 1962 Rev § 27.3178 [543][a][2]). MCLA § 710.3(a)(2), *supra,* is part of the Michigan adoption statute, MCLA § 710.1 *et seq.* (Stat Ann 1962 Rev § 27.3178[541] *et seq.*). The plaintiffs contend that there is nothing in the Michigan adoption statutes which confers jurisdiction on a probate court, to the exclusion of the plenary jurisdiction of the circuit court, to determine where child custody should lie, considering the best interests of the child. We agree.

The question of jurisdiction of a circuit court to consider such subject matter was the topic of concern in *In re Mark T.* (1967), 8 Mich App 122, 132:

"The defendants contend this proceeding constitutes a collateral attack on the termination order entered by the probate court. We do not agree with that analysis. The adoption statute does not purport to provide a procedure for resolving child custody disputes. In entering the termination order the probate court did not and could not have adjudicated the claim advanced in the petition for a writ of *habeas corpus.*"

The Court went on to state:

"Our Supreme Court has held that circuit courts possess the general and historic chancery power over children and their custody, except to the extent that original jurisdiction of juvenile delinquents and dependents has been vested in the juvenile courts. *Sovereign* v. *Sovereign* [(1958), 354 Mich 65], (from majority opinion). In *Finlay* v. *Finlay* (1925), 240 NY 429, 433, 434 (148 NE 624, 626, 40 ALR 937), the court considered equity's historic jurisdiction to resolve child custody disputes without regard to whether there is an express statutory grant of such jurisdiction.

\*   \*   \*

"We also conclude that chancery's power concerning the welfare of legitimate and illegitimate children does not disappear upon the release of the child for adoption, or the consent of a placement agency to a petition for adoption, or even upon the entry by the probate court of a termination order. We so hold on the authority of *In re Gould, supra,*   \*   \*   \* and because, fundamentally, any other holding would create a vacuum of judicial power.

\*   \*   \*

" 'The proceeding before us is one for the custody of a child and not for the adoption of it, nor for the termination of parental rights.' *In re Welfare of*

*Brennan* (1965), 270 Minn 455, 460 (134 NW2d 126, 130).

\* \* \*

"In *Sovereign* v. *Sovereign, supra,* the majority opinion reasoned that the circuit court must be able to decide child custody disputes between parents where divorce has been denied because no other court was statutorily authorized to do so. Likewise here. The probate court does not have the power to decide the disputes between Mr. S and Miss M, between Mr. S and the child placement agency, or between Mr. S and the proposed adoptive parents. The circuit court is the only tribunal which has the plenary power to decide such disputes on their merits and which is not restricted in its inquiry." *In re Mark T., supra,* 142–145.

The instant action was not an attack on the validity of the release executed in Washtenaw County, but a suit for custody of the infant. See *Riemersma* v. *Riemersma* (1945), 311 Mich 452; *Sovereign* v. *Sovereign, supra.* The Wayne County Circuit Court did have jurisdiction in the pleaded matter, as the complaint was for custody under the court's plenary equity powers; the adoption statute is irrelevant thereto.

It was error and abuse of discretion to grant the defendants an accelerated judgment based on GCR 1963, 116.1(2), as the circuit court did not lack jurisdiction over the pleaded subject matter.

Plaintiffs initially claimed that, since they had an action for custody of the infant child, the circuit court had ancillary *habeas corpus* jurisdiction. However, after the trial judge denied the writ for *habeas corpus,* plaintiffs filed an amended complaint withdrawing this prayer for relief. On remand, plaintiffs shall be permitted to amend their plead-

ings to reinstate their claim under ancillary *habeas corpus.*

The decision in the court below is accordingly reversed and remanded to the circuit court for further proceedings not inconsistent with this opinion. Costs to plaintiffs.

All concurred.