168 Mich. App. 372 (1988)
424 N.W.2d 54
ATTORNEY GENERAL
v.
BLUE CROSS AND BLUE SHIELD OF MICHIGAN
Docket No. 96778.
Michigan Court of Appeals.
Decided May 2, 1988.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Richard L. Hammer, Jr., Assistant Attorney General, for plaintiff.
Hammond, Ziegelman, Roach & Sotiroff, P.C. (by Thomas A. Roach and Amy L. Glenn), for defendant.
Amicus Curiae:
Bodman, Longley & Dahling (by Theodore Souris, Kim Michael Lavalle, and Jeanne Van Egmond), for General Motors Corporation.
Before: J.H. GILLIS, P.J., and WEAVER and G.S. ALLEN,[*] JJ.
PER CURIAM.
Plaintiff filed a complaint for escheat and declaratory judgment concerning uncashed benefit checks issued by defendant to its suppliers, providers, and subscribers. Defendant filed a counterclaim, alleging that funds previously paid under the escheat statute, MCL 567.11 et seq.; MSA 26.1053(1) et seq., were not subject to escheat. The parties agreed to dismiss the counterclaim and, then, defendant filed an action in the Court of Claims. Apparently, the Court of Claims remanded the case to the circuit court to be tried with plaintiff's claim. Plaintiff filed a motion for summary disposition on its complaint pursuant to MCR 2.116(C)(9) and (10) and on defendant's counterclaim pursuant to MCR 2.116(C)(7), (8), and (9). The trial court granted plaintiff's motion. Defendant appeals as of right. We affirm.
*375 Plaintiff, on behalf of the state, sought to escheat funds represented by unnegotiated medical benefit checks issued by defendant to its subscribers, providers, and suppliers under prepaid medical and hospital benefit contracts. When a claimant incurs medical costs covered by defendant's contract, the subscriber, provider, or supplier submits a claim for reimbursement to defendant. Pursuant to its contract, defendant determines what the reasonable and customary charge for such service would be in the claimant's area and issues a check in that amount. Thus, the amount of the check may or may not equal the amount charged for the service. Plaintiff alleges that defendant's contracts provide that, if the amount of the check is not challenged for two years, the claimant may not challenge it. Furthermore, plaintiff contends that although defendant's checks expire after six months, defendant will reissue a new check upon the claimant's proof of entitlement.
Because the dormancy period in the escheat code is seven years, plaintiff sought to escheat funds represented by unnegotiated checks issued from 1976 until 1978 and, therefore, required to be reported by defendant to the state from 1984 to 1986. MCL 567.11, 567.15(f), 567.16 and 567.17a; MSA 26.1053(1), 26.1053(5)(f), 26.1053(6) and 26.1053(7a). In its counterclaim defendant sought to recoup funds already escheated to the state and represented by checks issued from 1972 to 1975 and reportable from 1980 to 1983.
MCL 567.15(b); MSA 26.1053(5)(b) provides in part:
"Property" means personal property, of every kind or description, tangible or intangible, in the possession or under the control of a holder, as hereinafter defined, and includes, but not by way of limitation:
*376 (i) Money.
* * *
(iv) Credits, including wages and other allowances for services earned or accrued on or after January 1, 1958, and funds due and payable on checks certified in this state or on written instruments issued in this state on which a banking or financial institution or any other holder is liable, including but not limited to certificates of deposit, drafts, cashier checks, money orders, and travelers checks; also proceeds or property interests represented by unredeemed gift certificates.
* * *
(viii) Amounts due and payable pursuant to the terms of any policy of insurance....
* * *
(xiii) All other liquidated choses-in-action of whatsoever kind or character.
The word "property" does not include credits or deposits evidenced by cash balances on unclaimed or refused personal property, nor any property, except the items specified in subparagraphs (i) to (xii), the right to recover which in a proceeding brought by the owner would be barred by the provisions of any statute of limitations, state or federal. [Emphasis supplied.]
The trial court held that the funds represented by the unnegotiated checks were liquidated choses-in-action and, therefore, subject to escheat. MCL 567.15(b)(xiii); MSA 26.1053(5)(b)(xiii). The trial court implicitly rejected defendant's argument that the above-emphasized portion of MCL 567.15(b); MSA 26.1053(5)(b) would prevent escheat of liquidated choses-in-action in which a proceeding brought by the owner would be barred by the provisions of any statute of limitations. Moreover, the trial court implicitly rejected defendant's claim that the Employee Retirement Income Security Act (ERISA), 29 USC 1001 et seq., preempted the *377 application of the escheat code to the funds in issue.
While defendant does not dispute that the funds represented by the checks were choses-in-action, it claims that they were unliquidated because defendant and the claimants had not agreed on the amounts due. Apparently, defendant does not dispute that checks in which the amount due was equal to the amount requested were liquidated.
Liquidated is defined as:
Ascertained; determined; fixed; settled; made clear or manifest. Cleared away; paid; discharged. Adjusted, certain, or settled.... Made certain or fixed by agreement of parties or by operation of law. [Black's Law Dictionary (5th ed) at 838. Citations omitted.]
Unliquidated is defined as:
Not ascertained in amount; not determined; remaining unassessed or unsettled, as unliquidated damages.... [Id. at 1378. Citation omitted.]
In Revenue Cabinet v Blue Cross & Blue Shield of Kentucky, Inc, 702 SW2d 433 (1986), the Supreme Court of Kentucky had to determine whether uncashed subscriber benefit checks were liquidated debts which should be treated as intangible property subject to escheat under the laws of that state. The defendant paid benefits in an amount stated in the policy or by referral to a schedule of usual, customary, and reasonable fees. The court found that the amounts represented by the checks were fixed and incontestable because the claimants' ability to challenge them had expired under time limitations contained in the policies and because they were recognized by the defendant as continuing obligations for which it *378 would issue a new check to the subscriber regardless of how much time had passed. The Kentucky statute provided:
[A]ll intangible property, ... that is held or owing in this state by any person and has remained unclaimed by the owner for more than seven (7) years after it became payable or distributable is presumed abandoned. [Id. at 434.]
The court noted that while the plaintiff contended that the obligation to pay the amounts of the checks was a liquidated debt, the defendant claimed that the amounts on the checks were offers of settlement. The court held that the definition of intangible property included a liquidated debt evidenced by a written instrument. The court then noted that the Kentucky statute was modeled after the Uniform Unclaimed Property Act and that that act provided that a draft issued by a property or casualty insurance company for property damage or personal injury was not subject to a presumption of abandonment if the offer was not accepted by the payee. The court opined that the converse of the check issued by a property or casualty insurer as an offer of settlement of a claim of an unliquidated amount is a check issued by a life insurance company, a health insurance company, or a disability insurance company in payment of a fixed or scheduled benefit, an obligation not subject to negotiation. Thus, the court held that the defendant's checks were not offers of settlement, but payments of fixed obligations. Id. at 435.
We agree with the reasoning of the Kentucky Supreme Court. In this case, the providers, subscribers, and suppliers contracted with defendant only for reimbursement for customary and reasonable *379 charges for a particular service; therefore, the claimants had a reasonable expectation that they would be reimbursed only for that amount which might or might not be equal to the amount of their claims. As in Revenue Cabinet, supra, we believe that determining the reasonable and customary amount due, necessarily determined by reference to a schedule, is no different than a situation where the charged amount is specified in the contract. Hence, we agree with plaintiff that the sums represented by the checks were liquidated.
Defendant next claims that liquidated choses-in-action are not property subject to escheat where a proceeding by the owner to recover the same would be barred by the provisions of any statute of limitations, state or federal. MCL 567.15(b); MSA 26.1053(5)(b) describes thirteen categories of property. The thirteenth category is liquidated choses-in-action. MCL 567.15(b); MSA 26.1053(5)(b) then provides:
The word "property" does not include credits or deposits evidenced by cash balances on unclaimed or refused personal property, nor any property, except the items specified in subparagraphs (i) to (xii), the right to recover which in a proceeding brought by the owner would be barred by the provisions of any statute of limitations, state or federal.
Plaintiff claims that this portion of the statute was enacted in partial response to our Supreme Court's opinion in Evans Products Co v State Board of Escheats, 307 Mich 506; 12 NW2d 448 (1943), and was intended only to prevent the revival of obligations "already time barred by [the] statute of limitations as of its [the escheats code's] effective *380 date." (Emphasis in original.) We cannot agree with plaintiff's interpretation.
MCL 567.69; MSA 26.1053(59) provides:
In any proceeding brought by this state under the constitution, general laws or provisions of this act to recover property which has escheated, is escheatable or subject to escheat, except as otherwise provided in section 5(b) of this act, no statute of limitations of this state prescribing a limitation of time during which an action or proceeding may be commenced shall be a defense to such proceeding to escheat or appropriate abandoned property nor prevent such money or property from being deemed abandoned property within the meaning of this act. [Emphasis supplied.]
We believe that MCL 567.15(b); MSA 26.1053(5)(b) is unambiguous and, therefore, escheatable property does not include a liquidated chose-in-action where the owner's right to recover in a proceeding would be barred by the statute of limitations.
Because we are unable to determine whether the statute of limitations would have expired as to an individual owner of a liquidated chose-in-action, we normally would have to reverse the trial court's summary disposition order because a genuine issue of material fact exists; however, because we believe that summary disposition would have been appropriate under MCL 567.15(b)(iv); MSA 26.1053(5)(b)(iv), we affirm the trial court's decision. Warren v Howlett, 148 Mich App 417, 426; 383 NW2d 636 (1986).
Defendant claims that § 5(b)(iv) is inapplicable, relying on the statutory rule of construction known as ejusdem generis. Under that rule, where a statute contains general words which follow a designation of particular subjects, the meaning of the general words will be presumed to be restricted *381 by the particular designation as including things of a similar kind, class, character, or nature as those specifically enumerated. Core v Traverse City, 89 Mich App 492, 500; 280 NW2d 569 (1979). However, this rule does not apply where a contrary intent appears. People v Powell, 280 Mich 699, 704; 274 NW 372 (1937). In this case, a contrary intent appears because of the language in § 5(b)(iv) (i.e., "including but not limited to").
Defendant also claims that, because the checks become nonnegotiable after six months, it is no longer a holder liable for funds due and payable on a written instrument. We note that, given the seven-year dormancy period, most, if not all, written instruments which represent due and payable funds would have expired; therefore, it would be absurd to construe § 5(b)(iv) so that funds represented by expired instruments could not be escheated. Such a construction would render that part of § 5(b)(iv) almost meaningless. We further note that the statute of limitations applicable to funds due and payable on written instruments issued in this state under § 5(b)(iv) does not bar the state's ability to escheat the property. MCL 567.15(b) and 567.69; MSA 26.1053(5)(b) and 26.1053(59). Consequently, we hold that the funds represented by defendant's checks are property subject to escheat under § 5(b)(iv).
Defendant, joined by amicus curiae, also claims that the trial court erred when it implicitly rejected defendant's claim that ERISA preempted the application of the escheat code. Defendant claims that ninety-two percent of its subscribers are subscribers as the result of participating in employee benefit plans organized under ERISA. We note that the number of defendant's subscribers who were subscribers as the result of participating in ERISA plans and who were entitled to the unclaimed *382 checks is unknown. Assuming that ERISA participants were entitled to some of the unclaimed checks, we note that 29 USC 1144(a) provides in part:
Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under 1003(b) of this title.
In Firestone Tire & Rubber Co v Neusser, 810 F2d 550 (CA 6, 1987), the United States Court of Appeals had to determine whether a municipal income tax was preempted by ERISA. The court noted that despite the breadth of the preemption provision "`[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law "relates to" the plan.'" Id. at 553 (quoting Shaw v Delta Air Lines, Inc, 463 US 85, 100, n 21; 103 S Ct 2890; 77 L Ed 2d 490 [1983]). The court applied several tests for determining whether the city income tax had too tenuous a connection with ERISA. First, the court looked to whether the state law represented a traditional exercise of state authority. Id. at 555. The court also considered whether the state law affected relations among principal ERISA entities or if it affected relations between one of the ERISA entities and an outside party or between two outside parties with only an incidental effect on the plan. Id. at 556 (quoting Sommers Drug Stores Co Employee Profit Sharing Trust v Corrigan Enterprises, Inc, 793 F2d 1456, 1467 [CA 5, 1986]). Finally, the court considered the incidental nature of any possible effect of the state law on an ERISA plan. Id. at 556. Applying *383 these tests, the court held that the city income tax was not preempted by ERISA. Id.
In Rebaldo v Cuomo, 749 F2d 133, 139 (CA 2, 1984), cert den 472 US 1008; 105 S Ct 2702; 86 L Ed 2d 718 (1985), the court held:
Where ... a State statute of general application does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated.
Applying these tests to the instant case, we hold that ERISA does not preempt the escheat code. Escheat is a traditional exercise of state authority. Evans Products Co, supra. The escheat code affects defendant because it is the holder of property abandoned by its owners rather than because it is an ERISA entity. Moreover, the escheat code does not affect the structure, administration, or the type of benefits provided under the ERISA plan; therefore, the mere fact that it has some impact on the plan does not require its preemption by ERISA.
Finally, we hold that defendant's claim that a declaratory judgment was improper was not preserved for appeal because it was not raised below. Schanz v New Hampshire Ins Co, 165 Mich App 395, 408; 418 NW2d 478 (1988).
Affirmed.
NOTES
[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.