DOSS v BAKER

Docket No. 106655. Submitted October 6, 1988, at Grand Rapids. Decided December 6, 1988. Leave to appeal applied for.

Patricia Doss, unwed and in ill health, petitioned the Ottawa County Probate Court to have her uncle and aunt, Kenneth and Alyce Doss, appointed limited guardians of her minor daughter and to have her parental rights suspended because she was unable to properly care for the child. The court complied. After a dramatic improvement in health and marriage to James Baker, Patricia sought to have the child returned to her. The Dosses refused to return the child and filed a complaint in Ottawa Circuit Court pursuant to the Child Custody Act and the Uniform Child Custody Jurisdiction Act seeking full legal and physical custody of the child. The parties agreed to the termination of the limited guardianship of the Dosses and to the restoration of Patricia Baker's parental rights. The court granted summary disposition in favor of Patricia Baker, finding that the court lacked subject matter jurisdiction over the matter because the custody of the child was already controlled by the probate court. Baker filed a motion to show cause why a writ of habeas corpus ordering that the child be returned to her should not be entered. The motion was denied by the court on grounds of lack of jurisdiction. Patricia Baker subsequently removed the child from her school classroom and took her to Toledo, Ohio, where the Bakers lived. The Dosses filed a complaint against Patricia Baker in Ottawa Circuit Court seeking a writ of habeas corpus or order to show cause why the child should not be returned to them. The court, Calvin L. Bosman, J., following a hearing, granted full legal and physical custody of the child to the Dosses, subject to reasonable visitation by the Bakers, and issued the writ of habeas corpus ordering Patricia Baker to return the child to the Dosses. Patricia Baker appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Infants §§ 33 *et seq.*

Am Jur 2d, Parent and Child §§ 23 *et seq.*

See the Index to Annotations under Custody and Support of Children.

The circuit court did not have jurisdiction to hear this matter. A nonparent may not create a child custody dispute under the Child Custody Act simply by filing a circuit court complaint alleging that the best interests of the child are served by giving custody to the nonparent. The decision of the circuit court is reversed and the matter is remanded for entry of an order dismissing plaintiffs' action and directing forthwith the return of the child to her mother.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY ACT.

The Child Custody Act does not create substantive rights of entitlement to custody of a child; it authorizes forms of relief and sets forth procedures and creates standards for resolving custody claims (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

2. PARENT AND CHILD — CHILD CUSTODY ACT — CIRCUIT COURTS — THIRD-PARTY CLAIMS.

A circuit court does not have jurisdiction under the Child Custody Act to consider a nonparent's complaint for custody where jurisdiction over the minor is not otherwise obtained and where there has been no prior termination of or judicial intervention in parental rights; third-party claims to custody may only be considered where the circuit court has otherwise obtained jurisdiction over the minor child (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

3. PARENT AND CHILD — CHILD CUSTODY ACT — CIRCUIT COURTS — THIRD-PARTY CLAIMS.

A nonparent may not create a child custody dispute under the Child Custody Act simply by filing a circuit court complaint alleging that the child's best interests are served by giving custody to the nonparent (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

*Scholten, Fant & Marquis, P.C.* (by *R. Neal Stanton* and *Susan A. Jonas*), for plaintiffs.

*VanderPloeg, Ruck, Luyendyk & Wells* (by *David M. Wells*), for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OL-ZARK,* JJ.

PER CURIAM. Defendant appeals as of right from a judgment of the Ottawa Circuit Court granting plaintiffs full legal custody of defendant's minor daughter and ordering defendant to comply with a writ of habeas corpus by releasing the child into plaintiffs' custody. We reverse the decision of the circuit court and remand the case for entry of an order dismissing plaintiffs' action and directing forthwith the return of the child to her mother.

The controlling issue here is whether the circuit court had jurisdiction to consider plaintiffs' claims to defendant's minor child.

Plaintiffs brought a complaint seeking a writ of habeas corpus or order to show cause to obtain custody of the five-year-old child under the Child Custody Act, MCL 722.26; MSA 25.312(6), and pursuant to MCR 3.303(M). The Child Custody Act does not give a party substantive rights to custody of a child. *Ruppel v Lesner,* 421 Mich 559, 565; 364 NW2d 665 (1984). It authorizes forms of relief and sets forth procedures and creates standards for resolving custody claims. *Id.*

In the absence of some other basis for the court to assert jurisdiction over the minor child, such as previous judicial intervention in divorce proceedings or neglect proceedings, the circuit court may not entertain an action for custody instituted by a nonparent. *Id.; Marshall v Beal,* 158 Mich App 582, 589; 405 NW2d 101 (1986); *Hastings v Hastings,* 154 Mich App 96, 101; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987). Cf. *In re Danke,* 169 Mich App 453; 426 NW2d 740 (1988) (court asked to modify existing child custody order). A nonparent may not create a child custody dispute under

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the act simply by filing a circuit court complaint alleging that the child's best interests are served by giving custody to the nonparent. *Ruppel, supra,* p 566; *Meachum v Bower,* 156 Mich App 661, 665; 402 NW2d 66 (1986).

That § 6 of the act, MCL 722.26; MSA 25.312(6), mentions the writ and that plaintiffs' complaint specifically sought a writ does not create a situation requiring a different result. The cases cited by plaintiffs do not indicate that the availability of the writ in limited circumstances under the act creates an independent basis of jurisdiction. In all of the cases there was a clear legal basis for the custody dispute and for the circuit court to assert jurisdiction, beyond the third party's merely asserting an interest in the child.

For example, *In re Maria S Weldon,* 397 Mich 225; 244 NW2d 827 (1976), involved a complicated procedural matter involving both the federal and state courts. The probate court had terminated parental rights and approved placement for adoption. The dispute was between the natural rights of the mother, who had changed her mind regarding the adoption, and the rights of the adoptive parents, who had already been given legal custody of the child.

Nor does *In re Mark T,* 8 Mich App 122; 154 NW2d 27 (1967), provide authority for using the writ to confer jurisdiction. There the illegitimate father was contesting adoption proceedings instituted by the mother without his consent. At that time, the only means the father could use to assert his parental rights was the writ.

In plaintiffs' other cases, where the court allowed a third party to proceed under a request for a writ, the dispute was between a nonparent with custody and a nonparent claiming a "better" right to custody because of adoption or guardianship

proceedings. *In re Gould,* 174 Mich 663; 140 NW 1013 (1913); *Matter of Heather Children,* 50 Mich 261; 15 NW 487 (1883); *Rosiak v Murphy,* 35 Mich App 688; 192 NW2d 565 (1971).

None of these circumstances are found here. In the instant action, the child was in the mother's custody at the time the request for the writ was made. The limited guardianship, under which the mother had voluntarily suspended her parental rights to assist plaintiffs in maintaining custody of the child, had been dissolved. The circuit court had twice previously dismissed plaintiffs' actions seeking custody under the Child Custody Act on the basis that it lacked jurisdiction. No one had sought to terminate the mother's parental rights on the basis of neglect, abandonment, or some general unfitness. In fact, the circuit court's opinion, while awarding custody to plaintiffs, indicates that the ultimate goal was eventual reunion with the mother at some time in the future.[1]

We are not unmindful of the fact that plaintiffs provided, in the words of the circuit court, "nurture, love and support" to the child for more than

---

[1] We note an inconsistency in the circuit court's award of physical and legal custody to plaintiffs and the stated goal of eventually returning custody to the mother. By maintaining custody with plaintiffs, it could be expected that their custodial relationship would become even more firmly established over time. It is conceivable that the mother would be effectively barred from ever regaining custody. Any future attempt to gain physical custody could be countered by an ever-evolving argument that the child's best interests would be served by maintaining her present situation, schooling, activities, and friends. As plaintiffs' custodial environment became even more established, the mother could be faced with a legal burden of persuasion that would be increasingly more difficult for her to meet, see, e.g., *Glover v McRipley,* 159 Mich App 130; 406 NW2d 246 (1987), thus effectively terminating her parental rights.

The expert testimony apparently indicated that the needed transitional period could be accomplished while the child lived either with plaintiffs or with her mother. Given the circuit court's stated goal of eventually returning the child to her mother, the open-ended grant of custody to plaintiffs would not appear to be justified.

half of her life. Nor should this opinion be construed as condoning the defendant's use of self-help. We understand that the transition may be difficult and, at times, even painful for all parties concerned. However, the circuit court was correct the first two times when it found it lacked jurisdiction to hear this matter. That a writ was requested does not change the fact that a nonparent may not create a custody dispute recognizable under the Child Custody Act by simply asserting that the child's best interests are served by giving custody to that nonparent. *Ruppel, supra; Marshall, supra; Meachum, supra; Hastings, supra.*

Having concluded that this case must be dismissed for lack of subject matter jurisdiction, we need not address the other procedural issues raised on appeal.

We reverse the judgment of the circuit court for lack of subject matter jurisdiction and remand the case for entry of an order dismissing plaintiffs' action and directing forthwith the return of the child to her mother.

Reversed and remanded.