PRAWDZIK v HINER

Docket No. 115068. Submitted July 19, 1989, at Grand Rapids. Decided January 3, 1990.

Stefen Hiner was born on June 25, 1982. His mother, Linda Kay Hiner, and his father, Bruce Prawdzik, were never married. Stefen has resided with Gerald and Arlene Prawdzik, his paternal grandparents, since October, 1982. In December, 1983, the grandparents filed an independent child custody action in Kent Circuit Court for custody of Stefen and both his mother and father agreed to grant the grandparents temporary custody for one year. In December, 1984, his mother voluntarily granted permanent custody to the grandparents. On May 2, 1985, the court, George R. Cook, J., granted full custody to the grandparents. The court subsequently denied the mother's requests for increased visitation and temporary custody pending a custody evaluation. The mother then filed an application for a writ of habeas corpus seeking custody of Stefen and alleging that the circuit court did not have subject-matter jurisdiction to grant custody to the grandparents. The trial court, David Soet, J., denied the request and the mother's subsequent motion for reconsideration. Defendant appealed.

The Court of Appeals held:

1. The Michigan Supreme Court has ruled that, where a child is living with its parents, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection unless divorce or separate maintenance proceedings have been instituted or there has been a finding of parental unfitness in an appropriate proceeding. The issue in this case is whether the court has jurisdiction to hear a custody dispute initiated by nonparents with whom the child is living. The plaintiffs in this case have had physical custody over the child for more than five years and have been acting as the

REFERENCES

Am Jur 2d, Parent and Child §§ 24, 28, 30.

Award of custody of child where contest is between child's parents and grandparents. 31 ALR3d 1187.

Award of custody of child where contest is between child's mother and grandparent. 29 ALR3d 366.

child's psychological parents for most of his life. Allowing the plaintiffs to bring an action for custody will not threaten to take the child from his home by misuse of the "best interests of the child" rule. Under these circumstances, a third party who has had physical custody of the child may bring an action for custody. The trial court did not err in denying the mother's motion for dismissal.

2. The mother's second issue, that a November 28, 1988, friend of the court custody evaluation suggesting that custody remain with the plaintiffs was erroneous, was not preserved for appeal.

Affirmed.

DANHOF, C.J., dissented. He would hold that in the absence of some other basis for the court to assert jurisdiction over the minor child, such as previous judicial intervention in divorce proceedings or neglect proceedings, the circuit court may not entertain an action for custody instituted by a nonparent and that a nonparent may not create a child custody dispute under the act simply by filing a circuit court complaint alleging that the child's best interests are served by giving custody to the nonparent. He would find that no circumstances creating an independent basis for jurisdiction are found in this case and vacate the trial court's order.

PARENT AND CHILD — CHILD CUSTODY — CIRCUIT COURTS — THIRD-PARTY ACTIONS.

A circuit court lacks authority to grant custody of a child to a third party over the parents' objection where the child is living with the parents, neither divorce nor separate maintenance proceedings have been instituted by the parents, and there has been no finding of parental unfitness in an appropriate proceeding; however, the circuit court may hear a custody dispute initiated by nonparents with whom the child is living where the nonparents have had physical custody over the child and have been acting as the child's psychological parents for most of his life and where allowing them to bring an action for custody will not threaten to take the child from his home by misuse of the "best interests of the child" rule (MCL 722.25; MSA 25.312[5]).

*Napieralski & Walsh, P.C.* (by *Peter P. Walsh*), for plaintiffs.

*Raymond J. Pater,* for defendant.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Defendant appeals as of right from a Kent Circuit Court order denying her application for a writ of habeas corpus, wherein she sought custody of her child, Stefen Hiner, and alleged that the trial court did not have subject-matter jurisdiction to grant custody to plaintiffs. We affirm the judgment below.

Plaintiffs are the paternal grandparents of Stefen Hiner. Defendant and the child's father, Bruce Prawdzik, were never married. Bruce Prawdzik takes no part in this appeal. Stefen Hiner was born June 25, 1982. He has resided with plaintiffs since October, 1982. In December, 1983, plaintiffs filed for custody. Both the father and defendant mother agreed to grant plaintiffs temporary custody for one year. On December 7, 1984, plaintiffs moved to extend temporary custody until the custody hearing in February, 1985. On December 13, 1984, defendant voluntarily granted permanent custody to plaintiffs. The circuit court entered its order granting plaintiffs full custody on May 2, 1985.

The trial court subsequently denied defendant's request for increased visitation and temporary custody pending a custody evaluation. Defendant filed an application for a writ of habeas corpus seeking custody of her child and alleging that the trial court did not have subject-matter jurisdiction to grant custody to plaintiffs. The trial court denied defendant's motion and motion for reconsideration.

I

On appeal defendant contends the circuit court

did not have jurisdiction to consider plaintiffs' petition for custody of their grandson.

Our Supreme Court has ruled that "*where a child is living with its parents,* and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection." [Emphasis added.] *Ruppel v Lesner,* 421 Mich 559, 565; 364 NW2d 665 (1984), reh den 422 Mich 1201 (1985).

The issue before us is whether the court has jurisdiction to hear a custody dispute initiated by nonparents with whom the child is living.

In addressing this issue, two panels of this Court have ruled that in *Ruppel* the Supreme Court created two exceptions to the lack of subject-matter jurisdiction: where divorce or separation proceedings have begun and where there has been a finding of parental unfitness. Those panels rejected the idea that there is a third exception: where a child is not living with his or her parents. *Hastings v Hastings,* 154 Mich App 96; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987); *Marshall v Beal,* 158 Mich App 582; 405 NW2d 101 (1986). To the extent that they failed to recognize the third exception, we disagree with these cases.

Plaintiffs have had physical custody over the child for more than five years. The concern recognized in *Ruppel,* that anyone could file an action to take away custody of a child from its parents merely because they believe they might provide "a better home," is not a factor here. Plaintiffs have been acting as the child's psychological parents for most of his life. Allowing these plaintiffs, who have been the child's primary custodians, to bring an action for custody will not threaten to take the

child from his home by misuse of the "best inter-
ests of the child" rule. We find that under *Ruppel*
a third party who has had physical custody of the
child may bring an action for custody.

The trial court did not err in denying defen-
dant's motion for dismissal.

II

Defendant's second argument is that a Novem-
ber 28, 1988, friend of the court custody evaluation
suggesting that custody remain with the plaintiffs
was erroneous. This issue was not raised by defen-
dant nor heard by the circuit court prior to this
appeal. Because defendant has raised this issue for
the first time on appeal, it is not properly pre-
served. *Attorney General v Blue Cross & Blue
Shield of Michigan,* 168 Mich App 372; 424 NW2d
54 (1988), lv den 432 Mich 888 (1989).

We affirm the trial court's judgment below.

DANHOF, C.J. *(dissenting).* I respectfully dissent
from the majority's conclusion that the Child Cus-
tody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et
seq.*, creates an independent cause of action
whether the child resides with one of the parents
or with a third party. The Supreme Court has held
that the Child Custody Act does not give a party
substantive rights to custody of a child. *Ruppel v
Lesner,* 421 Mich 559, 565; 364 NW2d 665 (1984).
It authorizes forms of relief and sets forth proce-
dures and creates standards for resolving custody
claims. *Id.*

I agree with the line of cases that hold that in
the absence of some other basis for the court to
assert jurisdiction over the minor child, such as
previous judicial intervention in divorce proceed-
ings or neglect proceedings, the circuit court may

not entertain an action for custody instituted by a nonparent. *Id.; Doss v Baker,* 173 Mich App 546, 548; 434 NW2d 190 (1988); *Marshall v Beal,* 158 Mich App 582, 589; 405 NW2d 101 (1986); *Hastings v Hastings,* 154 Mich App 96, 101; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987). A nonparent may not create a child custody dispute under the act simply by filing a circuit court complaint alleging that the child's best interests are served by giving custody to the nonparent. *Ruppel, supra,* p 566; *Doss, supra,* pp 548-549.

I would find that no circumstances creating an independent basis for jurisdiction are found in this case and vacate the trial court's order.