SOLOMON v LEWIS

Docket No. 122812. Submitted March 13, 1990, at Grand Rapids. Decided August 6, 1990. Leave to appeal applied for.

David Aaron Snider was born July 13, 1987. At the time, his mother, Lillian June Lewis, was unmarried and living with her parents. In the interest of finding a good home for David, Lewis agreed to let him live with David M. and Linda S. Solomon. David has resided with and been raised by the Solomons since the age of one month. The Solomons have been David's sole source of financial support since they took him in, and they obtained a limited guardianship of David, with Lewis' consent, in February, 1989. On July 13, 1989, Lewis petitioned the Kent County Probate Court to terminate the guardianship and return David to her. The Solomons filed suit against Lewis in Kent Circuit Court seeking custody of David under the Child Custody Act. The court, Donald A. Johnston, III, J., dismissed the case, finding that, because plaintiffs were not David's parents, the court lacked subject-matter jurisdiction. Plaintiffs appealed.

The Court of Appeals *held:*

The circuit court erred in dismissing the case on the basis of lack of subject-matter jurisdiction.

MARILYN KELLY, P.J., in the lead opinion stated that, consistent with the case of *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984), a third party with whom a child resides may bring an action for custody of that child in the circuit court.

SAWYER, J., concurred in the result reached by Judge KELLY but not on the basis of *Ruppel v Lesner,* which he finds distinguishable from this case. He would hold that the Child Custody Act permits a third person to initiate a custody action where the child is in the physical custody of that person.

WEAVER, J., also concurred in the result reached in the lead opinion, but relies on the rationale set forth in *Prawdzik v Hiner,* 183 Mich App 245; 454 NW2d 399 (1990).

Reversed.

REFERENCES

Am Jur 2d, Parent and Child §§ 28, 29.

See the Index to Annotations under Custody and Support of Children.

PARENT AND CHILD — CHILD CUSTODY — CIRCUIT COURTS — THIRD-
PARTY ACTIONS.

The circuit court may hear a custody dispute initiated by nonpar-
ents with whom the child is living where the nonparents have
had physical custody over the child and have been acting as the
child's psychological parents for most of his life and where
allowing them to bring an action for custody will not threaten
to take the child from his home by misuse of the "best interests
of the child" rule (MCL 722.25; MSA 25.312[5]).

*Dunn, Schouten & Snoap* (by *Dana L. Snoap* and
*Michael M. Malinowski*), for plaintiffs.

*Swaney & Thomas, P.C.* (by *John R. Moritz*), for
defendant.

Before: MARILYN KELLY, P.J., and SAWYER and
WEAVER, JJ.

MARILYN KELLY, P.J. Plaintiffs, David and Linda
Solomon, sought custody of David Aaron Snider in
circuit court under the Child Custody Act. MCL
722.21 *et seq.*; MSA 25.312(1) *et seq.* The judge
ruled that, because plaintiffs were not David's
parents, the court lacked subject-matter jurisdic-
tion under MCR 2.116(C)(4). The case was dis-
missed. Plaintiffs appeal as of right, and we re-
verse.

David, who was born July 13, 1987, is the child
of defendant, Lillian June Lewis, an unmarried
mother who was living with her parents at the
time of the birth. David has resided with and been
raised by plaintiffs since the age of one month.
Defendant agreed to the arrangement in the inter-
est of finding a good home for him. Plaintiffs have
been David's sole source of financial support since
they took him in. In February, 1989, plaintiffs
obtained a limited guardianship of the child, again
with defendant's consent. However, on July 13,
1989, defendant petitioned the probate court to

terminate the guardianship and requested that David be given to her. Plaintiffs filed this action in the circuit court.

The question before us is whether the circuit court has jurisdiction to hear a custody dispute brought by nonparents where (1) the child does not live with his parents, (2) no divorce or separate maintenance proceeding has been brought, and (3) there has been no finding of parental unfitness.

Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases. It is the abstract power to try cases of the character of the one pending. *In re Chambers' Estate,* 333 Mich 462, 468-469; 53 NW2d 335 (1952). The Michigan Constitution and the Revised Judicature Act confer upon the circuit courts original jurisdiction over all matters not specifically excluded by law. Const 1963, art 6, § 13; MCL 600.605; MSA 27A.605. See *People v Loukas,* 104 Mich App 204, 207; 304 NW2d 532 (1981), and *State ex rel Ingham Co Prosecutor v American Amusement Co, Inc,* 71 Mich App 130, 135; 246 NW2d 684 (1976).

Nowhere are child custody disputes excluded from the jurisdiction of the circuit courts. The Child Custody Act recognizes and reinforces this jurisdiction when it refers to "all actions now pending or hereafter filed in a circuit court involving [child custody]," MCL 722.24; MSA 25.312(4). In setting standards, it acknowledges that a child custody dispute may be submitted to the circuit court as an original action under the act, MCL 722.27(1); MSA 25.312(7)(1). It states:

> The provisions of this act, being equitable in nature, shall be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved. This act

shall apply to all circuit court child custody dis-
putes and actions, whether original or incidental
to other actions. [MCL 722.26; MSA 25.312(6).]

Much conflict exists respecting the rights of
third parties in custody disputes which they have
initiated in the circuit courts. This conflict is due
in large part to a blurring of the distinction be-
tween jurisdiction and standing.

Standing is the right to appear in a particular
proceeding. To have standing one must have a
legally protected interest which is in jeopardy of
being adversely affected. *Health Central v Comm'r
of Ins,* 152 Mich App 336, 347-348; 393 NW2d 625
(1986). The question of standing depends upon
whether the party has alleged a sufficient personal
stake in the outcome of the controversy. *Flast v
Cohen,* 392 US 83, 101; 88 S Ct 1942; 20 L Ed 2d
947 (1968); *Michigan License Beverage Ass'n v
Behnan Hall, Inc,* 82 Mich App 319, 324; 266
NW2d 808 (1978).

The Supreme Court has determined that a non-
parent may not bring a custody dispute in the
circuit courts over the parents' objections if (1) the
child is living with its parents, (2) divorce or
separate maintenance proceedings have not been
instituted, and (3) there has been no finding of
parental unfitness in an appropriate proceeding.
*Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665
(1984). The Court was referring to standing in
making this determination, not to jurisdiction.
Notably, the Court cited no authority which ousts
the constitutional and statutory jurisdiction of the
circuit courts from hearing civil disputes of the
type which includes child custody matters. It also
recognized that the Child Custody Act itself did
not create a right in a party to entitlement to
custody of a child.

In *Ruppel* the plaintiffs were grandparents of the minor child who was living with its parents. The Court expressed concern that not everyone who believes he might provide the child a better home should be entitled to file an action for child custody in circuit court.

Plaintiffs in this case differ from those in *Ruppel* in that the child whose custody they seek resides with them, not with his parents. Justice LEVIN, in his separate opinion in *Ruppel,* envisioned an identical situation when he wrote:

> Parents, without abandoning or neglecting their child, might entrust the child to grandparents, other relatives, or friends when the child is an infant. The child is raised in the household of the persons to whom the child was entrusted and psychologically becomes a member of a "new" family. The original parents are not unfit; they maintain a relationship with the child through visits, telephone calls, excursions, gifts, and financial support. But, nevertheless, the child is bonded to the grandparents, other relatives, or friends in whose household the child has been raised since infancy.
>
> At some arbitrary time, the biological parents decide that they want the child back. To say that it is beyond the authority of the circuit court to consider, having in mind the statutory presumption favoring the biological parents, whether the child should be uprooted from the only home the child knows, from "brothers" or "sisters" in that home, and moved to a new home is, I think, contrary to legislative purpose and an abdication of judicial responsibility.
>
> Unfitness, neglect, and abuse are not the only reasons for changing legal custody of a child. Absent a finding of such unfitness, neglect, or abuse, however, unless the parents have done something such as entrusting the child to another person and allowing a separate familial relation-

ship to develop, the court should not—not because
it does not have jurisdiction but simply because it
is inappropriate—award custody to a third person
even if that person could "do more" for the child
or could provide a "better home." [*Ruppel,* pp 568-
569.]

Subsequent panels of the Court of Appeals have
disagreed on the meaning of *Ruppel.* Where a
child is not living with his or her parents, no
exception was found in *Marshall v Beal,* 158 Mich
App 582; 405 NW2d 101 (1986). An exception was
held to exist, however, in *Prawdzik v Hiner,* 183
Mich App 245; 454 NW2d 399 (1990). The Supreme
Court has declined to address the certified conflict.
One panel observed that a nonparent with whom a
child resides has recourse under the juvenile code
to seek termination of parental rights in probate
court. *Hastings v Hastings,* 154 Mich App 96, 101;
397 NW2d 232 (1986), lv den 428 Mich 859 (1987).
MCL 712A.19a; MSA 27.3178(598.19a). There are
cases in which an action to terminate a parent's
rights is not a viable alternative to a circuit court
custody action. An effort to sever all parental ties
is drastic and may be inappropriate, for example,
where the parents are not unfit.

In this case, plaintiffs have had custody of David
for the majority of his life. Quite possibly they
have become his psychological parents. The estab-
lishment of this custodial environment affords
plaintiffs standing to sue. The emotional and psy-
chological attachment arising from the care and
nurturing of David in their home should ensure
sincere and vigorous advocacy. *Sierra Club v Mor-
ton,* 405 US 727, 731-732; 92 S Ct 1361; 31 L Ed 2d
636 (1972). Plaintiffs have a personal stake in the
outcome of this controversy. There is no danger
that the "best interests of the child" rule will be
misused to snatch David from his parents merely

because the plaintiffs can provide a better home. By reversing the decision of the trial court, we do not make a finding that plaintiffs are entitled to custody. We are simply allowing the circuit court to exercise its discretion to determine the best interests of David. Defendant is entitled to the statutory presumption which favors parental custody. MCL 722.25; MSA 25.312(5). Consistent with *Ruppel,* a third party with whom a child resides may bring an action for custody of that child in the circuit courts of this state.

Reversed.

SAWYER, J. *(concurring).* Although I agree with the result reached in the lead opinion, I write separately to more specifically state the reasons why I reach this result and to emphasize that the result is based upon the facts of this case.

In addition to the broad grant of original jurisdiction vested in the circuit courts by the constitution and statute, as discussed in the lead opinion, *ante,* p 821, I also note the Child Custody Act anticipates the possibility of a custody dispute between parents and third persons. Specifically, MCL 722.25; MSA 28.25.312(5) establishes a presumption that the best interest of the child is served by awarding custody to the parent or parents rather than a third person or an agency unless the contrary is established by clear and convincing evidence. Accordingly, the creation of such a presumption would be meaningless unless the Legislature anticipated the possibility that a custody action could be maintained involving parents and third persons.

Furthermore, the case at bar is distinguishable from the Supreme Court's decision in *Ruppel v Lesner,* 421 Mich 559; 364 NW2d 665 (1984), since, as the lead opinion points out, in *Ruppel* the child

was in the parents' custody, *ante,* p 823, rather than in the custody of the third person who instituted the custody action. Indeed, the *Ruppel* holding specifically prevented the filing of a custody action where the child was in the custody of its parents at the time. *Ruppel, supra* at 565.

Accordingly, I would hold that where, as here, the child is in the physical custody of a third person, that third person may initiate a custody action. Therefore, I too would reverse.

WEAVER, J. *(concurring in result).* I agree with the result of the lead opinion in this matter. I follow *Prawdzik v Hiner,* 183 Mich App 245; 454 NW2d 399 (1990).