## NEWSOME v LABBY

Docket No. 169731. Submitted May 4, 1994, at Grand Rapids. Decided August 2, 1994, at 9:15 A.M. Leave to appeal denied, 447 Mich —.

Rita and Oliver Newsome brought an action in the Calhoun Circuit Court against Michelle and Roderick Labby pursuant to the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, seeking custody of Katelyn H. Labby, the defendants' minor daughter and the plaintiffs' granddaughter. Before the action for custody, proceedings in the probate court had resulted in the suspension of the defendants' parental rights with respect to the child, the appointment of the plaintiffs as the child's guardians, and the adoption of a plan for the reintegration of the defendants and the child. The circuit court, Allen L. Barbrecht, J., dismissed the action for custody, ruling that the plaintiffs lacked standing pursuant to MCL 722.26b; MSA 25.312(6b) because the defendants had substantially complied with the reintegration plan. The plaintiffs appealed.

The Court of Appeals *held:*

The circuit court erred in determining that the plaintiffs lacked standing. Pursuant to MCL 722.26b; MSA 25.312(6b), a limited guardian of a child does not have standing to bring an action for custody of the child if the parent or parents of the child have complied substantially with a reintegration plan. The standing of a full guardian to bring an action for custody is not affected by the substantial compliance of the parent or parents with a reintegration plan. The plaintiffs, being full guardians, had standing to bring their action for custody.

Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY ACT — GUARDIANS — CUSTODY ACTIONS — STANDING.

A limited guardian, but not a full guardian, of a child over whom parental rights have been suspended loses standing to bring an

REFERENCES

Am Jur 2d, Parent and Child §§ 28, 34.

Award of custody of child where contest is between child's parents and grandparents. 31 ALR3d 1187.

action for custody of the child when the child's parent or parents substantially comply with the terms of a reintegration plan (MCL 722.26b; MSA 25.312[6b]).

*Kenneth R. Struble,* for the plaintiffs.

*Michael W. King* and *Brenda M. Koppe,* for the defendants.

Before: FITZGERALD, P.J., and WEAVER and W. M. BAXTER,* JJ.

PER CURIAM. Plaintiffs Rita and Oliver Newsome appeal as of right from a Calhoun Circuit Court order dismissing their complaint for custody of Katelyn Helen Labby on the basis of lack of standing. We reverse.

Plaintiffs, who are Katelyn's maternal grandparents, were appointed Katelyn's guardians on May 21, 1990, after the probate court suspended defendants' parental rights by reason of their disappearance. In October 1992, defendants petitioned the probate court for termination of the guardianship, and an "order for reunification" was signed by both parties and entered on December 28, 1992. The order established a plan for reintegration and provided that the guardianship would terminate on June 1, 1993.

In May 1993, plaintiffs filed a complaint for custody pursuant to the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.,* in the Calhoun Circuit Court. On May 7, 1993, the circuit court entered an ex parte interim order staying the guardianship proceedings in the probate court pursuant to MCL 722.26b(4); MSA 25.312(6b)(4). Defendants moved for summary disposition on the ground that plaintiffs were limited guardians who

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

lacked standing to initiate the circuit court action. Following a hearing, the circuit court granted defendants' motion after concluding that the plaintiffs had become limited guardians by virtue of the reintegration plan and that defendants had substantially complied with the plan.[1] Plaintiffs objected to the entry of the order granting defendants' motion. On September 3, 1993, the probate court issued a declaratory ruling that plaintiffs had remained full guardians throughout the court proceedings.

On September 13, 1993, a hearing on plaintiffs' objections was held in circuit court. Recognizing that the probate court had determined plaintiffs' guardianship to be a full guardianship, defendants argued that the circuit court should not take jurisdiction because plaintiffs had entered into the reintegration plan and essentially waived their right to petition the circuit court for jurisdiction. On October 7, 1993, the circuit court dismissed the action, finding that plaintiffs lacked standing to bring the custody action because the existence of the reintegration plan created an exception to standing conferred upon full guardians. An order dismissing plaintiffs' action was entered on October 21, 1993. Upon the lifting of the circuit court's stay of the probate court proceedings, the guardianship was terminated and Katelyn was apparently returned to defendants' custody.

We are presented with the question whether the circuit court erred in determining that the existence of a reintegration plan presented an exception to the standing granted to full guardians in MCL 722.26b(1); MSA 25.312(6b)(1). We conclude that the trial court did err, and therefore we reverse and remand for reinstatement of plaintiffs' suit for custody.

---

[1] See MCL 722.26b(2); MSA 25.312(6b)(2).

As a preliminary matter, we note that the circuit court had jurisdiction to determine whether the plaintiffs had standing under MCL 722.26b; MSA 25.312(6b). See *Solomon v Lewis,* 184 Mich App 819; 459 NW2d 505 (1990), vacated 437 Mich 983 (1991) (the Supreme Court remanded the matter to the circuit court to determine whether the plaintiffs had standing to bring an action for custody of the child pursuant to MCL 722.26b; MSA 25.312[6b]).

MCL 722.26b; MSA 25.312(6b) provides in relevant part:

> (1) Except as otherwise provided in subsection (2), a guardian or limited guardian of a child has standing to bring an action for custody of the child pursuant to this act.
>
> (2) A limited guardian of a child does not have standing to bring an action for custody if the parent or parents of the child have substantially complied with a limited guardianship placement plan regarding the child entered into pursuant to section 424a of the revised probate code, Act No. 642 of the Public Acts of 1978, being section 700.424a of the Michigan Compiled Laws.

By its plain language, § 6b of the Child Custody Act has given a guardian, and a limited guardian in certain circumstances, standing to bring an action for custody of a child for whom the petitioner is guardian. MCL 722.26b; MSA 25.312(6b); *Bowie v Arder,* 441 Mich 23, 43-44; 490 NW2d 568 (1992). No exception to standing for full guardians is made, despite the fact that reintegration plans in full guardianships are expressly contemplated. See MCL 700.424c; MSA 27.5424(3). Because the statute is clear, judicial construction is precluded. *Dep't of Transportation v Robinson,* 193 Mich App 638, 644; 484 NW2d 777 (1992). The circuit court

erred in judicially creating an exception to standing conferred upon full guardians and in dismissing plaintiffs' complaint for lack of standing.

Reversed and remanded to the circuit court for reinstatement of plaintiffs' action for custody. We do not retain jurisdiction.